## JAMES CASSIDY *v.* HIS CREDITORS.

Fraud will not be presumed. He who alleges it, must establish it clearly.

A mortgagee who seeks to enforce his mortgage against third persons, must prove that it has been duly recorded.

An order of seizure and sale obtained against a third person, will be set aside, where the mortgage was not proved to have been recorded.

APPEAL from the District Court of the First District, *Buchanan,* J.

*Grivot,* for the syndic.

*Greiner,* for the appellant.

BULLARD, J. Moffat opposed the homologation of the provisional tableau of distribution of the funds of the estate of the insolvent, on the ground that he was not placed thereon as a mortgage or privilege creditor on the slave Richard, or on the proceeds of the sale of the said slave, he being the holder of the note given by the insolvent, and as such subrogated to the mortgage given to secure the price of that note, and on other grounds.

. The syndic denied all the allegations of the opponent, and averred that he was not the *bona fide* holder of the note. The opposition was rejected, and the opponent has appealed after an unsuccessful attempt to obtain a new trial. Our attention has been called by the appellant's counsel to his bill of exceptions to the admission of Conway as a witness, on the ground that he is a creditor of the insolvent as appears from the schedule, and is interested in the defeat of the claim of any other creditor, as the funds out of which he is to be paid will be thereby increased. The objection was overruled, the court being of opinion that the witness, not having been placed on the provisional tableau as an ordinary creditor, and having suffered the legal time to elapse since the syndic's publication without opposing it, was now precluded from claiming a place thereon as a creditor, and therefore without interest.

An examination of the case on the merits, has relieved us from the necessity of testing the correctness of the judge's opinion as to this bill of exceptions, as the rejection of the testimony of

Conway would not lead to a result different from that of its admission. Mr. Cook, a witness against whom there is no objection, testifies that he purchased the note from Belleau before its maturity, as agent for the appellant, who employed him for that purpose, and furnished him with the money. Conway, the only witness of the appellee, deposes that Cook and the insolvent bought the note from Belleau, who was often at Cassidy's on business relating to this note; and that there were many conversations between them respecting it. On his cross-examination this witness declared that he was not certain who bought the note, but thinks that the money was paid by Cook; he does not know with whose money; he heard them say that they bought the note for $750. On this testimony we are unable to arrive at the same conclusion as the judge *a quo*. The parties were at issue on an allegation of fraud. Fraud is not to be presumed, and he who alleges it must establish it clearly. The appellant is in possession of the note; he proves his purchase, and the payment of the price by the person whom he employed to buy the note. The contract is proved by one witness, and the possession of the note is a strong corroborating circumstance. The appellant was therefore entitled to judgment, unless his adversary established the fraud. This was attempted by the testimony of Conway, who tells us that Cook and Cassidy purchased the note; but on his cross-examination he declares that he is not certain who bought the note, but thinks that the money was paid by Cook. So far, his cross-examination weakens, if it does not totally destroy the effect of his testimony in chief, and strengthens that of the appellant's witness. He speaks of several conversations between Belleau and the insolvent in regard to the note, and if any thing in the testimony of this witness assists the appellee, it is his declaration that he heard the insolvent and Cook say that they had bought the note for $750. The testimony of Cook is uncontradicted. No suspicion has been cast on him, and what has fallen from him greatly preponderates over that portion of Conway's testimony from which the appellee may receive some aid. It is contended that the note was extinguished by the payment of it by the drawer; but this is inconsistent with the testimony of Cook, and with part of that of Conway, and the idea is repelled

by the consent of Belleau to part with the note without erasing his endorsement or writing a receipt over it, and by his endeavoring to obtain a release, which would have been useless had the note been paid by or for the drawer. He was sensible that his liability as endorser remained in full force, which could only be in favor of a purchaser and endorsee.

It has lastly been contended by the counsel for the appellee, that there is no proof of the existence of the mortgage, and that the presumption is that the insolvent had erased it.

The existence of the mortgage appears in an authentic act of sale which is part of the record. The erasing of a mortgage is a matter of such easy proof, that he who alleges it cannot expect to succeed on so weak a presumption as that which is here offered, and rebutted by the production of the note.

But " conventional or judicial mortgages are only allowed to prejudice third persons, when they have been publicly inscribed on records kept for that purpose." Civ. Code, art. 3314. " It shall be the duty of notaries, and other public officers acting as such to cause to be recorded without delay all acts creating mortgages, which shall be executed by them, whether such mortgages be conventional or legal." Art. 3334. In the last edition of the Code of Louisiana, the editors have referred us on this article to an act of 1834, page 168. We have looked in vain at that page, and in the acts of that session, for any thing relating to this article of the Code. We suppose the reference was intended to have been to the acts of 1838, p. 17, which relates to registries in the office of the Register of Conveyances. Notwithstanding the obligation under which the notaries are placed, to cause to be recorded all mortgages executed by them without delay, the mortgagee who seeks to enforce his mortgage against a third possessor is bound to prove that it was duly recorded. In the case of *Sinnot* v. *Mitchell*, 7 Mart. N. S. 578, we held that " an order of seizure and sale cannot issue on property in the hands of a third person, unless on the production of an act of mortgage *duly recorded*." And in the case of *Brou* v. *Kohn*, 12 La. 104, we set aside an order of seizure and sale which had been obtained against a third possessor, on a judicial mortgage which was neither alleged nor

·proved to have been recorded. As the appellant has neither alleged nor proved that the act from which the mortgage, which he seeks to enforce results, was recorded, the inferior judge did not ;err in refusing him a place on the tableau of distribution as a mortgage creditor.

But justice requires that the case should be sent back to enable him to make good his opposition on other grounds.

. The judgment is therefore reversed ; and it is ordered that the case be remanded for further proceedings according to law, the ·costs of the appeal to be paid by the appellee.