Allen, J.
delivered the opinion of the Court.
The Court is of opinion, upon the authority of Garland v. Lynch, 1 Rob. R. 545, that the execution and forfeiture of the forthcoming bond in the bill and proceedings mentioned, did not discharge and extinguish the original debt, as against the other joint debtors. That notwithstanding the execution and forfeiture of the forthcoming bond, it would have been competent for the creditor, in case the forthcoming bond had proved unavailing, to have proceeded against the other joint debtors for satisfaction of his debt.
The Court is further of opinion, that the sureties of one of the joint debtors in the forthcoming bond, became, upon the forfeiture thereof, sureties for the debt ; and if they have subsequently discharged the same, they are entitled, upon the principles of a Court of Equity, as affirmed in Powell v. White, 11 Leigh 309, to be substituted to all the rights of the creditor against the original debtors, subsisting at the time they became so bound for the debt: and that notwithstanding the subsequent payment of the debt, the sureties who have paid it, are entitled to treat the original security of the creditor as still subsisting for their benefit.
The Court is further of opinion, that the sureties are entitled to charge the original debtors with the debt, interest, and the costs of the first judgment at law, but have no claim against them for the costs incurred by the execution and forfeiture of the forthcoming bond, or for the damages incurred by the injunction. That in ascertaining the amount for which they are entitled to a decree against the other joint debtors, or either of them, as each is liable to them for the whole debt, the amount made out of the property of the said Dewitt, should be applied first to the payment of the costs incurred by the execution of the forthcoming bond, and the residue so collected should be applied to reduce the amount of the original debt, interest, and the costs of the first judg *182 ment at law, and that the sureties arp entitled to decrees against the said Henry Sherman alone, or the said Sherman, Dewitt and Richardson jointly, upon bringing the latter before the Court, for the balance of the original interest and costs, to be apportioned between the sureties according to the sums paid by them respectively, together with their costs in these suits. The Court is further of opinion, there was no error in the decree dissolving the injunction, and dismissing the bill as to all the parties except said John Dewitt, George Richardson and Henry Sherman.
The Court is, therefore, of opinion, that so much of said decree as conflicts with the principles above declared is erroneous, and that the residue thereof should be affirmed. The decree is, therefore, reversed with costs, against Sherman and Dewitt, and affirmed as to the residue, with costs to the other appellees; and remanded to be finally proceeded in according to the principles above declared.