MARY E. HILL, *by Miller her next friend, vs.* WYNN & Co. *et al.*

January Term, 1871.

In the introductory part of a deed or bill of sale, conveying a wharf-boat, it is recited that the deed is made between the grantor and M. H., agent for Mrs. M. E. H., (wife of M. H.), but in the granting part of the deed it recites that the boat is conveyed "to the party of the second part." H. took possession of the boat and held it. HELD:

> That being personalty, and not conveyed to the wife as her separate estate, and having been reduced to possession by the husband, it thereby became, in law, his absolute property and liable for his debts; although the money paid for the boat may have been derived from sales of real estate in Ohio, devised to the wife, and reduced to possession by the husband; the parties residing in this State at the date of the purchase and payment; *i. e.*, 1866.

A sufficient statement of this case appears in the opinion of Berkshire, president.

The case came from the circuit court of Kanawha county.

*B. H. Smith* for the appellant.

*Berlew* for the appellees.

BERKSHIRE, *President.*

In April, 1866, Martin Hill, the husband of the appellant, Mary E. Hill, purchased, paid for, and took possession of a certain wharf-boat then lying in the Kanawha river at

*See page 443.

Charleston. The boat was purchased from William L. Maddy, and the price paid for it was 1000 dollars. Maddy at the same time made a deed, or bill of sale, for the boat, in the introductory part of which it is recited that the deed is made between the grantor Maddy, and Martin Hill, agent for Mary E. Hill, but in the granting part of the deed it is conveyed simply to the "party of the second part."

It appears that Martin Hill remained in possession of the wharf-boat at Charleston, from the time of the purchase until some time in the year 1867–68, when writs of *fieri facias*, in favor of the appellees, which were issued on judgments previously obtained against him, were levied on said boat. After these levies were made, the appellant obtained from the judge of the circuit court of Kanawha county, an injunction restraining a sale of the property under the levies aforesaid. She alleged and claimed the boat upon the ground that it had been purchased by her husband for her use, and with her money, being the proceeds of the sale of her real estate in the State of Ohio, where she resided at the time of her marriage with her present husband Martin Hill. On the hearing of the cause the injunction was dissolved, and the boat ordered to be sold to satisfy said executions. It is this decree of which complaint is made here.

It appears that at the time of the intermarriage of the appellant with Martin Hill, she resided in the State of Ohio, and owned there certain real estate, derived by her by devise and inheritance from her two former husbands and her deceased father. That soon after her marriage, the said Martin Hill and the appellant removed to the State of West Virginia, where they continued to reside up to the time of obtaining the injunction, and where it is probable they continue to reside at present. It further appears, that after their marriage, and before the purchase of the wharf-boat, the real estate of the appellant, or a part of it, in Ohio, was sold by them, and the proceeds received by the husband. But it is not satisfactorily or conclusively shown, though the evidence on the record renders it probable, that the

money paid by Martin Hill for the boat was in fact any part of the proceeds of the real estate of the wife.

It further appears that in June, after the purchase of the wharf-boat, the said Martin and Mary E. Hill, made fraudulent sale and transfer of the same, by deed or bill of sale, to Frederick E. Hill, (a brother of the former), for the purpose of defrauding the appellees and other creditors of Martin Hill. This fraud is distinctly proved by Frederick E. himself, who claims no interest in the boat, and does not therefore contest the rights of the creditors.

It thus appearing that Martin Hill was in possession of the money in this State, where they resided, and paid for the boat in question at the time of the purchase, it becomes immaterial, in my view, to enter upon the inquiry, whether the money so paid was in fact a part of the proceeds of the real estate formerly owned by the wife; or, whether it was derived by him from other sources. For even, if as claimed, it was the former, yet having been reduced to possession by the husband, and brought into this State during coverture, by the laws thereof it became thenceforth absolutely his own money, by virtue of the marital rights, and it was not competent, in my judgment, for him to defeat his creditors by investing it in personal property in the name of his wife. For if it be admitted, as insisted on by the appellant, that the boat actually belonged to her at the time it was purchased, still, it being personalty, and not conveyed to the wife as her separate estate, and having been reduced to possession by the husband, it thereby became, in law, his absolute property, and liable for his debts.

I think, therefore, the decree complained of is clearly right, and ought to be affirmed.

Maxwell, J., concurred.

Decree affirmed.