Staples, J.,
delivered the opinion of the court:
The court is of opinion that a «’editor extending the laud of his debtor under an elegit, stands, in judgment of law, as if he had taken a lease for years in satisfaction of his debt; and, by virtue of such extent, he acquires a title to the premises which may be the subject of adjudication in this court, within the true intent and meaniug of the constitutional provision conferring jurisdiction *204 upon the Supreme Court of Appeals in controversies concerning the title or boundaries of land.
The court is further of opinion, that the officer exer ? cuting a writ of elegit does not deliver to the creditor ac£uaj possession of the premises, but only the legal possession, which may be enforced by ejectment, or, at the option of the creditor, by writ of unlawful entry and detainer, where the cause of action has accrued within three years. If after such extent the possession of the premises is withheld by the debtor, or some one claiming under him, the tenant by elegit has the right to recover the same by action, and to hold over even after his term has expired.
The court is further of opinion, that the plaintiff in ■error, by virtue of his writ of elegit executed, was entitled to the possession of the premises in controversy at the time of the emination of his writ; and as the said tenement was withheld by a party claiming under the debtor, and with his consent, the plaintiff’s right of recovery was not affected or impaired by the expiration •of the term before the trial of the action.
The court is therefore of opinion, that the judgment of the Circuit court of the city of Richmond is erroneous, and that the same should be reversed and annulled. It appearing, however, by the admission of the plaintiff in error, that he has been satisfied his debt since the writ of error and supersedeas was awarded, the court deems it necessary to render judgment only for the costs incurred by the plaintiff in error.
Judgment reversed.