# WHEELING.

## HARWOOD v. CREEL.

### July 27, 1875.

1875.
June Term.

An appellate court will not reverse the judgment of an inferior court, overruling a motion to quash the undertaking made to the sheriff, simply because it appears that an undertaking was executed after the return day of the writ of *fieri facias.*

This was a writ of error and *supersedeas* to a judgment of the circuit court of Wood county, granted on the petition of Thomas H. Creel, B. H. Foley, Jr., and T. H. Creel, Jr.. the defendants below. The plaintiff was George L. Harwood. The judgment from which the appeal was taken was rendered on the 8th day of December, 1873.

The other material facts will be found stated in the opinion of the Court.

The Hon. James M. Jackson, judge of said circuit court, presided at the hearing of the motion below.

*Okey Johnson* for the appellants.

*Walter S. Sands* for the appellee.

HAYMOND, PRESIDENT:

On the 27th day of October, 1856, plaintiff recovered a judgment against defendant Thomas H. Creel, for $100.95 with interest from the 27th day of October, 1856, till paid and costs, in the circuit court of the county of Wood. Upon this judgment several writs of *fieri facias* were issued and duly returned "no property found." Af-

terwards, and on the 1st day of November, 1872, another writ of *fieri facias* was duly issued upon said judgment and placed in the hands of W. J. Hill, sheriff of said county, to be levied. This last named writ was made returnable on the 1st Monday of January, 1873. Afterwards, on the 6th day of March, 1873, Creel, the execution debtor, together with B. H. Foley, Jr. and T. H. Creel, Jr., made to the sheriff an undertaking for the delivery of of property according to the provisions of the first section of chapter one hundred and forty-two of the Code 1868. The undertaking is in form and substance in accordance with the form prescribed by said section. It recites that the sheriff of Wood county, by virtue of a writ of *fieri facias* issued from the circuit court of Wood county, against the property of the said Thomas H. Creel, has levied upon the following property, to-wit: Four stacks of hay and one stack of straw, valued at $218.85, &c. Afterwards, the plaintiff caused a notice to be served on the defendants in this cause that on the first day of December, 1873, he would move the circuit court of Wood county to render judgment and award execution on said undertaking. The notice seems to have been duly served on all the defendants in September, 1873. On the 1st day of December, 1873, on motion of the plaintiff the cause was ordered by said court to be docketed. Afterwards, on the 8th day of December, 1873, the parties appeared in court, by their attorneys, and the defendant Thomas H. Creel, by his attorney, moved the court to quash the "notice because the same is insufficient" and the court overruled the motion. Thereupon the defendant Thomas H. Creel, by his attorney moved the court to "quash the undertaking because it appeared that it was taken long after the return day of the execution upon which said bond was taken, which execution and the indorsements thereon were read in connection with said motion, and for other reasons apparent on the papers in this cause," but the court also overruled this motion, and rendered judgment on the un-

dertaking in favor of plaintiff against the defendants for $218.85 and the costs. To this judgment the defendants obtained a *supersedeas* and it is now to be ascertained whether the circuit court erred.

The first section of chapter one hundred and forty-two of the Code of 1868, provides that the sheriff, or other officer, levying a distress warrant, or a writ of *fieri facias*, issued from the office of the clerk of a circuit court, may take from the debtor an undertaking signed by himself, or by some person for him, with one or more good securities, and that upon the giving of the undertaking, as herein provided, the property, so levied upon, shall be permitted to remain in the possession of the debtor, at his risk. It often happens that a sheriff levies a *fieri facias*, a very short time before the return day thereof, when there is not time to advertise and sell the property. It is competent, in such case, for the sheriff to sell the property and receive the purchase money therefor, after the return day of the execution, by virtue of the levy of the execution. So also the sheriff might, properly, receive the debt, in relief of the property, so levied on. And so I apprehend it is competent for the sheriff, in such case, to take from the debtor an undertaking and permit the property to remain with the debtor at his risk, as provided by said first section. *Dix v. Evans* 3 Munf., 308. This being true, it is evident that the mere fact that the undertaking is taken after the return day of the execution, does not alone render the undertaking either void or voidable. It seems that on a motion to quash a forthcoming bond the appellate court will regard the execution as part of the record. *Couch v. Miller*, 2 Leigh., 545. This, it has been said, is not so, however. in all cases. See the cases referred to in the opinion of Judge Cabell, in the last named case. It seems that where there was an appearance, and the bond objected to in the court below, on the ground of being unauthorized or variant from the execution, that the appellate court will look at the execution as part of the record, though the court does

not order the execution to be made a part of the record. There may be some doubt whether the same rule applies to the return of the officer on the execution. The failure of the sheriff to make a return on an execution is no ground for reversing a judgment obtained on a forthcoming bond taken in pursuance thereof. *Jones v. Hull*, 1 H. & M., 211; 3 Munf., 308. If we look at the endorsements on the *fieri facias* in this case, it will be seen that there is this endorsement: "November 10, 1872. By virtue of the within, I have levied the same on four stacks of hay and one straw rick." Signed. "Jos. L. Bailey, D. S." It is true that there seems to be this further separate endorsement on the writ: "Levied March 6th, 1873, on four stacks of hay and one stack of straw;" but this endorsement is not signed by any person, nor does it appear by whom it was written; in fact, nothing appears in the case but the writings named—no explanation is given.

In this State the undertaking has been substitued for the forthcoming bond, and, generally, the same rules and principles apply to the undertaking as to the forthcoming bond. In *Shaw v. McCullough*, 3 W. Va., 260, it was *held*, that "parties who voluntarily enter into a forthcoming bond are estopped from all inquiry into the regularity and validity of the levy of the writ of *fieri facias* upon which the bond was taken."

In the case of *Dix v. Evans*, 3 Munf., 308, in the syllabus, it is stated "The sheriff's failing to mention, in his return of an execution, one of the negroes on whom it was levied, is no ground for reversing a judgment on a forfeited forthcoming bond in which that negro is mentioned as one of those on whom such execution was levied." In the case in judgment the undertaking, on its face, admits the levy of the *fieri facias* upon the property therein mentioned, which is "four hay stacks and one straw stack." This admission, in the absence of proof to the contrary, authorizes the inference or presumption that the writ was levied before the return day

thereof—in other words, that it was legally levied. So far as the Court can see from this case, the undertaking was the voluntary act of the defendants, and I do not feel authorized to determine that the undertaking in this case is void simply because it was taken by the sheriff after the return day of the execution. That fact, as we have seen, does not necessarily make the undertaking invalid, and there was no error in the judgment of the court in refusing to quash the undertaking for that cause.

It was not claimed in argument here that the court erred in overruling the motion to quash the notice, and if it was, I do not see that there was any error in this respect.

No other errors have been assigned, and I have found none.

For these reasons the said judgment of the circuit court of Wood county, rendered in this cause on the 8th day of December, 1873, must be affirmed, with costs and damages to the plaintiff in error according to law.

Hoffman and Moore, Judges, concurred.

JUDGMENT AFFIRMED.