Anderson, J.,
delivered the opinion of the court.
■The appellee proceeded by bill in equity to perpetually injoin the appellant’s execution, and subsequently by motion in the court of law to quash it pending the injunction. The defendant, in the proceeding at law, moved the court to dismiss the motion, upon the ground, that the plaintiff had elected to proceed in equity in respect of the same matter, which was still pending, and that the court of equity had possession of the cause, and had full power to do justice; but the court refused to dismiss the motion, and gave judgment for the plaintiff for costs, and to quash the execution, and the case is brought here upon a writ of error and supersedeas to said judgment.
The appellee subsequently prosecuted his suit in equity to a decree perpetuating his injunction, and giving him his costs expended in the prosecution of his suit in equity. From that decree the defendants appealed to this court. Without deciding now whether the court of law erred in refusing to dismiss the plaintiff’s motion upon the grounds set out in the defendant’s bill of exceptions, the court is of opinion, for reasons which will hereafter appear,, that the judgment of the court of law quashing the execution is erroneous, and must be reversed.
In the case of appeal from the decree, perpetuating the injunction to the appellant’s execution, the court *is of opinion that it does satisfactorily appear from the evidence in the record, that a previous execution upon the same judgment was sued out by the plaintiffs, which came to the hands of Jos. Payne on the 4th of October 1860, who was then deputy for John Sclater, sheriff of Fluvanna county, and that the same was returnable on the first Monday in December next following j and that said execution was not returned,, but remained in the hands of the said Jos. Payne, deputy as aforesaid, who, in January following, qualified as sheriff of said county. And that on the 3d of May next following, the appellee made payment to the said Joseph Payne, in part of said execution, $176.4034 cents, as is shown by his receipt, which is signed “J.os. Payne, sheriff.”
The appellant contends that the appellee is not entitled to a credit on the execution for said payment, and that he is still liable to the plaintiffs in the execution for the whole amount thereof, the payment not having been made to an officer authorized to collect the same. That the payment was made on that execution, and was so intended by both payer and payee is undoubtedly true.
The execution having been put in the hands of Jos. Payne, in his official character as deputy sheriff for collection, and he having retained it in his possession after the return day had passed, whilst he continued to be deputy sheriff, and before he became sheriff of the county, the presumption is, that it remained in his possession after he became sheriff of the county as deputy sheriff. His being appointed sheriff of the county could not change his possession of the execution which he then held as deputy sheriff.
It is also presumable'that he received the payment,,which was afterwards made to him upon it in the character *in which he held the execution. And after so great a lapse of time, when neither the debtor nor the sheriff can speak from memory as to whether the execution had been levied or not, the deputy sheriff’s receiving, implies that he considered himself authorized to receive it, which he only could have been in the character which he held it as deputy sheriff, and then only upon the ground that he made a levy before the return day of the execution. That would have authorized him to receive the payment at the time it was made; and this taken in connection with the fact, that the execution was one upon which the sheriff was forbidden to take security, and that the defendant had ample property to satisfy it, entirely accessible to the sheriff, and often in his view, upon which he could have made a levy, in the absence of apy positive testimony to the contrary, leads almost irresistibly to the conclusion that a levy was made. It is true, the sheriff testifies that he received payment in his character of sheriff; but evidently he does not speak from personal recollection, for he had almost in the same breath said he had no recollection of the payment at all. There is an affix of “sheriff,” as we have seen, to his signature to the receipt. Does that show that the money was paid to him as the sheriff of the county, as the letters S. *527 F. C. annexed to his signature might import, although, as we have seen, the execution was not in his hands in that character, and although he had no authority to receive payment in that character? Or does it merely indicate that it was received by him, not in his personal character, but in his official character as sheriff? And may it not be applied as well to his official character as deputy sheriff, in which character he had possession of the execution, as to his official character as high sheriff, in which character he did not hold the ^'execution: For he was sheriff officially in both characters: in the one as deputy, and in the other as high sheriff, or sheriff of Fluvanna county — S. F. C. If he received payment officially, as deputy sheriff, in which character he held the execution, and not in his personal character, that would be indicated by the affix of “sheriff,” as unmistakably as the affix of S. F. C. might have shown that he received it as sheriff of Fluvanna county. Under all the circumstances of this case, and after so great a lapse of time, it seems to the court, it would be too rigorous to hold that the appellee was not entitled to receive a credit for the money, which he unquestionably paid on the execution to the officer, in whose hands it had been placed for collection, because he annexed those letters to his signature to the receipt.
But the appellee has failed to show any further payment on the execution. The court is therefore of opinion to reverse the decree of the circuit court, perpetuating the injunction as to the whole amount of the execution, and that the following order be made:
The court being of opinion, for reasons stated in writing and filed with the record, that the judgment of the court of law, quashing the execution and giving the plaintiff his costs in said motion is erroneous; it is considered that the same be reversed and annulled, and the said motion be dismissed, and that the defendants to said motion recover their costs therein in the court below; and it is further considered, that the plaintiffs in error recover their costs expended in the prosecution of their writ of error and supersedeas here.
And the court being also of opinion that the decree in the injunction case, perpetuating the injunction to *the entire execution, and decreeing costs to the plaintiff therein, is erroneous, it is ordered that the same be reversed and annulled, and that the appellants recover their costs expended in the prosecution of their appeal here. And the court proceeding to render such decree as ought to have been rendered by the circuit court, it is adjudged, ordered and decreed, that the injunction awarded in this case be dissolved, except as to one hundred and seventy-six dollars and forty and one-half cents, paid on the 3d day of May 1861, and be perpetuated as to so much thereof; and that the defendants below pay to the plaintiff his costs expended in the prosecution of his said suit in equity in the circuit court.
Decree reversed.
EXECUTIONS.
I. Definition.
II. Property Subject and Property Not Subject to Execution.
A. Property of Wife for Husband's Debts.
B. Interests of Mortgagor.
C. Property under Valid Deed of Trust.
D. Property Conveyed by Marriage Settlement.
E. Property Fraudulently Conveyed.
F. Property Loaned.
G. Property of Vendee.
H. Property of Bankrupt.
I. In Hands of Personal Representative.
K. Property Exempt under Statutes.
L. Property of Building Contractor.
M. Property Purchased for Valuable Consideration without Notice.
N. Property of Principal in Possession of Agent.
O. Property Forfeited to State.
P. Property in Remainder.
Q. Property Received by Commissioner without Authority.
R. Property of Railroad Companies.
S. Money.
T. Fixtures.
III. Issuance of Writ.
A. Prereauisites.
1. Judgment or Decree.
a. In General.
b. Necessity for Revivor.
B. Time of Issuance.
1. At Common Law.
2. Alias and Piarles Writs.
3. Delay of Execution by Debtor.
4. Procedure upon Scire Facias.
5. Effect of Writs Irregularly Issued.
6. Effect of Proceedings in Chancery.
C. Formal Contents of Writ.
1. Irregularity in Caption.
2. Recitals of Property to Be Taken.
3. Conformity of Execution with Judgment or Decree.
4. Where There Are Separate Judgments.
5. Where Writ Issued after Assignment of Judgment.
6. Interest.
D. From What Court Issuable.
1. At Daw.
2. InEauity.
3. Leave of Court.
E. To What Place Issuable.
F. Who May Sue Out the Writ.
G. Against Whom the Writ May Issue.
1. Municipalities.
2. Personal Representatives.
a. J)e Bonis Propriis.
b. De Bonis Testatoris.
H. Delivery to Sheriff.
I. Officers’ Commissions.
IV. Alias and Pluries Executions.
A. In General.
B. While Levy in Force.
C. While Forthcoming Bond in Force.
*528 D. Where First Execution Not Complete Satisfaction.
E. Discharge from Arrest under Ca. Sa.
F. Issued without Authority of Law.
V. Levy of Execution.
A. Necessity for Levy on Tangible Property.
B. Time of Levy.
1. Levy after Retjirn Day.
2. After Satisfaction of Judgment.
3. After Death of Plaintiff.
C. Mode of Levy.
1. In General.
2. Partnership Chattels.
3. Confusion of Goods with After-Acquired Property.
D. Against Several Defendants.
E. When There Are Several Executions.
F. Property in Custodia Leáis.
G. Return of Writ.
1. Endorsement.
a. In General,
b. Extra-Official Return.
2. Presumption as to Levy.
a. Evidence.
b. Rebuttal of Presumption.
3. Time of Return.
4. Amendment of Return.
5. Conclusiveness of Return.
H. Abandonment of Levy.
1. By Fraudulent Collusion.
2. By Alias Writ.
3. By Voluntary Relinquishment.
I. Garnishment Proceedings.
VI. Lien of Execution.
A. Effect of Levy.
1. In General.
2. As to Title of Property.
B. Commencement of Lien.
C. Extent of Lien.
1. Property Subject to Levy.
2. Property Not Subject to Levy.
3. Title of Creditor under Elegit.
D. Assignment of Property Subject to Lien.
E. Priority between Several Liens.
1. In General.
2. Common-Law Rule.
3. Prior Incumbrances. ‘
4. Subsequent Incumbrances.
5. Landlord’s Lien.
6. Adjustment of Conflicting Liens.
F. Duration of Lien.
1. In General.
2. West Virginia Rule.
3. Death of Debtor.
4. Taking Out Second Execution.
G. Forthcoming or Delivery Bond.
1. Form of Bond.
2. Validity on Bond.
3. Liability of Bonds.
4. Actions on Bonds.
a. In General.
b. On Appeal.
5. Effect of Bond.
VII. Discharge and Satisfaction.
A. By Levy on Corporeal Property.
B. Satisfaction in Favor of Third Persons.
C. By Payment.
1. To Attorney.
2. By Third Persons.
3. Time of Payment.
VIII. Relief against Execution.
A. Motion to Quash.
1. In General.
2. After Payment of Judgment.
3. When Judgment Set Aside.
4. In Equity.
5. Notice of Motion.
6. Parties to Motion. .
7. Time When Motion Must Be Made.
8. On Appeal.
B. Injunction.
1. In General.
2. Adequate Remedy at Law.
3. In Favor of Strangers.
a. General Rule.
b. Qualifications.
0. Writ of Error.

D.Audita Querela.

IX. Sale under Execution.
A. When Valid Though Irregular.
B. When Property Sold Left with Debtor.
C. Sale Delayed by Plaintiff.
D. Sale of Equity of Redemption.
E. Sale under Second of Two Executions.
F. Statutes Regulating Sales.
G. Caveat JEmptor.
H. Purchase by Officer at Bus Own Sale.
I. When Sale Enjoined.
K. Sale of Debtor’s Unascertained Interest.
L. JDristringas against Sheriff’s Executors.
X. Liability of Officer.
A. Where Levy Is Made.
B. For Failure to Levy.
C. For Levy on Wrong Property.
D. Fine for Not Returning Execution.
E. Indemnifying Bond.
F. For Non-Payment.
XI. Supplementary Proceedings.
A. By Statute.
B. Order for Payment or Delivery of Property.
C. Writ of Capias pro Fine.
XII. Execution against the Person.
A. Priorities.
B. Title to Property.
C. Alias and Pluries Executions.
D. Prison Fees.
E. Return.
F. Discharge from Custody.
1. DEFINITION.
A writ of execution is a process by which the final judgment of a court is carried into effect. 11 Am. & Eng. Enc. Law (2d Ed.) 609.
II. PROPERTY SUBJECT AND PROPERTY NOT SUBJECT TO EXECUTION.
A. Property of Wife for Husband’s Debts. — Since, at common law, the personalty of a feme sole in possession, passes, upon her marriage, to her husband, it becomes subj ect to execution for his debts. Vance v. McLaughlin, 8 Gratt. 289; Hill v. Wynn, 4 W. Va. 453; Dold v. Geiger, 2 Gratt. 98. In this last case, it was held that even the choses in action to which the wife becomes entitled during coverture, are liable to the claims of the husband’s creditors.
B. Interests of Mortgagor. — in Tiffany v. Kent, 2 Gratt. 231, it was held that a sale by a sheriff of an equity of redemption in lands surrendered by a debtor in execution, upon his taking the benefit of the act for the relief of insolvent debtors, is legal.
*529 C. Property under Valid Deed oí Trust, — -The equitable interest oí the grantor in a valid deed of trust, before sale thereunder, cannot be taken under an execution at law, but can only be subj ected in equity. Claytor v. Anthony, 6 Rand. 307; Coutts v. Walker, 2 Leigh 280. But see contra, Spence v. Repass, 94 Va. 716, 27 S. E. Rep. 583, and criticism in 4 Va. Law Reg. 255.
D. Property Conveyed by Marriage Settlement. — It seems that property conveyed by deed of marriage settlement, in trust, that the husband and wife shall be permitted during their joint lives, to enjoy the profits, may be taken in execution to satisfy a debt incurred after the marriage for supplies furnished for the proper support of the husband and wife. Scott v. Loraine, 6 Munf. 117.
E. Property Fraudulently Conveyed. — If property subject to execution be conveyed and such conveyance be either with intent to hinder, delay or defraud creditors, or be upon consideration deemed voluntary in law, execution may still be enforced; for where the conveyance is fraudulent it is void as to both existing creditors, and subsequent purchasers, and where the conveyance is voluntary only, it is void as to antecedent creditors, though it may be sustained as against subsequent purchasers. Chamberlayne v. Temple, 2 Rand. 384; Wright v. Hencock, 3 Munf. 521; Harvey v. Fox, 5 Leigh 444: Penn v. Whitehead, 17 Gratt. 528; Goshorn v. Snodgrass, 17 W. Va. 717; Rixey v. Deitrick, 85 Va. 46, 6 S. E. Rep. 615; Lockhard v. Beckley, 10 W. Va. 87; Hunter v. Hunter, 10 W. Va. 321; Beall v. Shaull, 18 W. Va. 258; Watkins v. Wortman, 19 W. Va. 78; Harden v. Wagner, 22 W. Va. 356; Silverman v. Greaser, 27 W. Va. 550; Livesay v. Beard, 22 W. Va. 585; Knight v. Capito, 23 W. Va. 639; Williams v. Blakey, 76 Va. 254; Witz v. Osburn, 83 Va. 227, 2 S. 13. Rep. 33; Whitten v. Saunders, 75 Va. 563; Sutherlin v. Price, 75 Va. 223; Tebbs v. Lee, 76 Va. 744; McCormick v. Atkinson, 78 Va. 8; Burton v. Mill. 78 Va. 468; Saunders v. Waggoner, 82 Va. 316; Young v. Willis, 82 Va. 291; Wray v. Davenport. 79 Va. 19; Fink v. Denny, 75 Va. 663; Clay v. Walter, 79 Va. 92; Beecher v. Burns, 84 Va. 813, 6 S. E. Rep. 209; Hatcher v. Crews, 78 Va. 460; Williams v. Lord, 75 Va. 390: Click v. Green, 77 Va. 827; Batchelder v. White, 80 Va. 103: Hickman v. Trout, 83 Va. 479, 3 S. E. Rep. 131; Armstrong v. Lachman. 84 Va. 726, 6 S. E. Rep. 129; Lucas v. Clafflin, 76 Va. 269; Johnson v. Wagner, 76 Va. 587; Moore v. Ullman, 80 Va. 307; Scott v. Rowland, 82 Va. 484; Baker v. Naglee, 82 Va. 876. 1 S. E. Rep. 191; Waller v. Johnson, 82 Va. 966, 7 S. E. Rep. 382; Fishburne v. Ferguson, 84 Va. 87, 4 S. E. Rep. 575; Fisher v. Dickenson, 84 Va. 318, 4 S. E. Rep. 737; Roanoke Nat. Bank v. Farmers’ Nat. Bank. 84 Va. 603, 5 S. E. Rep. 682; Rucker v. Moss, 84 Va. 634, 5 S. E. Rep. 527.
A husband had obtained slaves through a sale under a deed of trust fraudulent as to the creditors of the grantor, and one of these slaves had been allotted to his widow, after his death. Held, the slave in her possession may be taken in execution at the suit of a creditor of the grantor, though the husband and those claiming under him had been in possession of the slave for more than five years. Snoddy v. Haskins, 12 Gratt. 363 ; Lawrence v. Swann, 5 Munf. 332 ; Lang v. Lee, 3 Rand. 410; Wilson v. Buchanan, 7 Gratt. 334 ; Addington v. Etheridge, 12 Gratt. 436; Marks v. Hill, 15 Gratt. 400; Pratt v. Cox, 22 Gratt. 337; Russell v. Randolph, 26 Gratt. 713 ; Perry v. Shen. Nat. Bank, 27 Gratt. 757. It is well settled that the ownership of personal property will be taken to be with the possession, and the retaining of possession after a sale is prim.a facie fraudulent, and the property still subject to execution against the seller. This presumption of fraud may however be rebutted by proof that such possession is consistent with a bona fide sale. Wray v. Davenport, 79 Va. 19 ; McCormick v. Atkinson, 78 Va. 8 ; Young v. Willis, 82 Va. 291; Saunders v. Waggoner, 82 Va. 316 ; Claflin v. Foley, 22 W. Va. 434 ; Klee v. Reitzenberger, 23 W. Va. 749; Curd v. Miller, 7 Gratt. 185; Lewis v. Caperton, 8 Gratt. 148; Land v. Jeffries, 5 Rand. 211 ; Braxton v. Gaines, 4 Hen. & M. 151.
F. Property Loaned. — T makes a parol loan of a slave to C ; and the slave remains in the possession of C and C’s ex’ors for more than five years, and then T takes possession of him. Held, the slaves may be subjected by the execution creditors of C, to satisfy their claims. But the ex’ors of C having brought an action of detinue for the slave against T, who dies pending the suit, which is revived against his ex’or, and a verdict and judgment having been given in favor of the defendant, the creditors of C, who having recovered judgments against his ex’ors, cannot levy their executions upon the slave. Taylor v. Beale, 4 Gratt. 93 ; McKenzie v. Macon, 5 Gratt. 379; Beale v. Digges, 6 Gratt. 582 ; Garth v. Barksdale, 5 Munf. 101 ; Rose v. Burgess, 10 Leigh 197; Beasley v. Owen, 3 H. & M. 449 ; Pate v. Baker, 8 Leigh 80 ; Collins v. Lofftus, 10 Leigh 10; Boyd v. Stainback, 5 Munf. 365; Lightfoot v. Strother, 9 Leigh 451.
Money bona fide lent to a sheriff, and applied by him to his own use, prior to his receiving a writ of Ueri facias against the lender is not liable to satisfy such execution, either at law, or inequity ; notwithstanding the same money was originally deposited in his hands as a pledge for certain purposes. Price v. Crump, 2 H. & M. 89.
G. Property of Vendee. — Upon a bona Me sale of personal property, though the vendee does not take possession at the time of the sale, yet if he gets possession before an execution is issued against the vendor, his title is good against creditors. So also, where a bona Me vendee of personal property having gotten possession thereof before issuing of an execution against the vendor, his title is good against the creditor, though after such possession by the vendee, he employs the vendor as his agent to sell the property; and the vendor is in possession as the agent of the vendee at the time the execution issues, and is levied upon it. M’Kinley v. Ensell, 2 Gratt. 333.
A sale of property under an execution, by the sheriff, is bona Me, though irregular; and the purchaser leaves the property with the debtor in the execution. Held, the sale is valid; and the property is not liable to the creditors of the debtor in execution. A purchaser of property leaves it in the possession of the original owner, but possession thereof is taken by the adm’r of the purchaser before creditors have acquired a specific lien thereon, by judgment and execution. Held, it is not liable to the original owner's creditors. Carr v. Glasscock, 3 Gratt. 343.
H. Property of Bankrupt, — The lien of a judgment is not defeated by the discharge of the debtor as a bankrupt, and it may be enforced in the state courts. In such a case the elegit sued out upon the judgment may be in the usual form; and in executing it the sheriff must take notice of the bankruptcy of the debtor, and disregarding all property of the debtor not subject to the lien, levy it upon that *530 which is so subject. McCance v. Taylor, 10 Gratt. 580.
1. In Hands of Personal Representative. —If there he two executors, one of whom is a legatee of part of the personal estate; and a división of the testator’s property is made according to his will, subsequent to which, the legatee executor dies, a creditor, who afterwards obtains judgment against the surviving executor, cannot levy the execution upon one of the slaves allotted to the deceased executor, in the hands of his administrator. And if the administrator of the deceased executor obtains an injunction to the sale of the slave which is dissolved, and the slave then sold under the execution, the creditor will, at the hearing, be decreed to pay the then value of the slave, if living, and his hires from the time of the sale; and an issue will be directed to ascertain them. Chapman v. Washington, 4 Call 327; Sampson v. Bryce, 5 Munf. 175.
K. Property Exempt under Statutes.
“Poor Han’s Law.” — A laborer’s $50 exemption, allowed him by statute cannot be waived so as to give a lien by fi.fa. thereon. Crump v. Com., 75 Va. 922.
Homestead Exemption. — See monographic note on “Homestead,” appended to Hatorff v. Wellford, 27 Gratt. 364.
L. Property of Building Contractor. — Where one contracts to build, the materials to be used in such building remain the property of the contractor until actually put into the construction; and hence are liable for the contractor’s debts and subject to execution. Wheeling v. Baer, 36 W. Va. 777, 15 S. E. Rep. 979.
M. Property Purchased for Valuable Consideration without Notice. — The trustees and beneficiaries in a deed to secure bona Me debts, without notice, are purchasers for valuable consideration within the meaning of the statute which exempts property of such persons from liability for the debts of their assignor. Evans v. Greenhow, 15 Gratt. 153.
N. Property of Principal in Possession of Agent.— Property consigned to an agent at a stipulated price, to be paid for when such property is sold, remains the property of the principal until such sale to a bona Me purchaser, and hence is not subject to execution against the agent. Barnes, etc., Co. v. Bloch Bros., etc., Co., 38 W. Va. 158, 18 S. E. Rep. 482, 22 L. R. A. 850; Brown, etc., Co. v. Deering & Co., 35 W. Va. 255, 13 S. E. Rep. 383.
O. Property Forfeited to State. — Where land is forfeited to the state for non-entry on the assessor’s land books the title vests in the state, and the property is not liable to execution under a judgment rendered against the former owner since the forfeiture; but the right of such former owner to the excess of the proceeds of sale after the payment of taxes, etc., is property which he can sell, and which is liable to the lien of an execution. Wiant v. Hays, 38 W. Va. 681, 18 S. E. Rep. 807.
P. Property in Remainder. — Two persons being entitled to a remainder in slave property expectant on a life estate therein, a A. fa. is sued out against one of the remaindermen, and levied on some of the slaves then in his possession by consent of the tenant for life and the slaves so taken in execution are sold by the sheriff; then this remainderman conveys all his estate to a trustee for the benefit of his creditors; and after the death of the tenant for life, in a suit brought by the trustee against two remaindermen for partition, the slaves so sold by .the sheriff, are allotted to the trustee, the purchaser at the sheriff’s sale not being a party to that suit. Held, at the time of the levying the execution and sale made by the sheriff, the debtor had no several property in any particular slaves, and s<? the sale by him made, passed no title to the purchaser. Leslie v. Briggs, 5 Leigh 6.
Q. Property Received by Commissioner without Authority. — A commissioner having received money without authority to receive it, is liable to the purchaser for the amount so paid, and may be proceeded against by a rule in the cause and an execution of fieri facias may be sued out against him for the money. Tyler v. Toms, 75 Va. 116.
R. Property of Railroad Companies. — The road and franchises of a railroad company are liable for the satisfaction of executions against the company. W. & S. R. Co. v. Colfelt, 27 Gratt. 777.
S. Honey. — It was held in Steele v. Brown, 2 Va. Cas. 246, that a writ of execution may be levied on ready money in the possession of the defendant. See also, Norris v. Crummey, 2 Rand. 330.
T. Fixtures. — It was held in Green v. Phillips, 26 Gratt. 752, that .the engines and machinery of a planing-mill are fixtures and hence not liable to execution. See also, Shelton v. Ficklin, 32 Gratt. 727; Patton v. Moore, 16 W. Va. 428; McFadden v. Crawford, 36 W. Va. 671, 15 S. E. Rep. 408; Franks v. Cravens, 6 W. Va. 185; Bank v. Anderson, 75 Va. 250; Morotock Ins. Co. v. Rodefer, 92 Va. 753, 24 S. E. Rep. 393; Haskin, etc., Co. v. Cleveland, etc., Co., 94 Va. 447, 26 S. E. Rep. 878.
III. ISSUANCE OF WRIT.
A. Prerequisites.
i. Judgment or Decree.
a. In General. — As a condition precedent to the issuance of a writ of execution there must be a valid subsisting judgment, or decree, to support it; hence an execution issued, before judgment, on the verdict of a jury, is simply void. Lowther v. Davis, 33 W. Va. 132, 10 S. E. Rep. 20.
It is improper for the court or judge in vacation to allow an execution to issue unless the grounds for it are shown. Shackelford v. Apperson, 6 Gratt. 451.
It was held in Enders v. Burch, 15 Gratt. 71, that when execution is capable of being issued on a judgment, such judgment becomes final though the term of court be not ended.
It is held in Evans v. Greenhow, 15 Gratt. 159, that it is the duty of the clerk, in all cases, to issue the execution as soon as possible after the adjournment of the court, unless he be instructed to the contrary by the plaintiff or his attorney.
b. Necessity for Revivor. — In May v. State Bank of N. Car., 2 Rob. 56, 40 Am. Dec. 726, it was held; first, that if after the death of a sole plaintiff or defendant, a judgment be, nevertheless, entered, as though such party were alive, it must be revived by scire facias before execution can regularly issue thereon; second, that the death of a sole plaintiff after judgment renders a scire facias necessary to the issuance of execution; and third, that if a corporation expires either before or after judgment, execution can no longer issue in its name. There is also a dictum, to the effect that, where there is but one defendant, and he dies after judgment, an execution cannot be issued without first surviving such judgment by a writ of scire facias, unless the writ is tested as of a day before his death. See also, Roane v. Drummond, 6 Rand. 182.
*531 Where, however, a judgment is rendered against several defendants, and afterwards one of them dies, the execution should still he issued against all. Holt v. Hynch, 18 W. Va. 567.
If proceedings on a judgment at law be enjoined by a court of chancery, and the injunction be after-wards dissolved, and on appeal the order of dissolution is affirmed in omnibus, an execution may be sued out on the judgment at law, before the decree of affirmance is entered up in the court of chancery. Epes's Adm'rs v. Dudley, 4 Leigh 145.
Judgments do not bind land after one year from their date, unless an execution be taken out within!1 that time, or an entry of elegit be made on the record. Eppes v. Randolph. 2 Call 125.
Upon a scire facias, to revive a judgment against a defendant who makes default, there should be award of execution. Williamson v. Crawford, 7 Gratt. 202.
B. Time of Issuance.
i. At Common Law. — In Beale v. Botetourt, 10 Gratt. 281, the court held that, "a judgment on which no execution is issued within a year and a day from its date, is, generally, so far presumed to be satisfied as to render a scire facias to revive if necessary. See dicta to the same effect, in Nimmo v. Com.. 4 H. & M. 67, in Spotts v. Com., 85 Va. 531, 8 S. E. Rep. 375, and again in Smith v. Charlton, 7 Gratt. 447. But no length of time can bar the commonwealth from execution on a judgment in its favor, nor even render it necessary to sue out a scire facias to entitle it to such execution. Nimmo v. Com., 4 H. & M. 57.
3. Alias and Pluries Writs.
In General. — In Hamilton v. McConkey, 83 Va. 533, 2 S. E. Rep. 724, it was held that by statutory provision the limitation within which an alias execution may be issued is twenty years, where there is “a return of the officer”; and whether such retumbe true or false, sufficient or insufficient, is not a question which can arise under the statute. See also, Brown v. Campbell, 33 Gratt. 402; Taylor v. Spindle, 2 Gratt. 44; Stuart v. Hamilton, 8 Leigh 503; Eppes v. Randolph, 2 Call 125; Hutcheson v. Grubbs, 80 Va. 251; Coles v. Ballard, 78 Va. 139; Rowe v. Bentley. 29 Gratt. 756; McCarty v. Ball, 82 Va. 874, 1 S. E. Rep. 189; Ayre v. Burke, 82 Va. 338.
According to statute in West Virginia, it is held that where an execution issues within two years, other executions may be issued within ten years from the return day of the last execution on which there is no return, or which has been returned satisfied. Shipley v. Pew, 23 W. Va. 494; Werdenbaugh v. Reid. 20 W. Va. 596; Laidley v. Kline, 23 W. Va. 574.
Effect of Stay Law. — In computing the time within which a scire facias may be sued out under § 3577 of the Code, to revive a judgment, the time which elapsed between January 1, 1869, and March 29,1871, is to be included, though the same period, by the terms of the statute, is excluded as to writs of fieri facias. Fadely v. Williams, 96 Va. 397, 31 S. E. Rep. 515; James v. Life, 92 Va. 702, 24 S. E. Rep. 275: 4 Va. Law Reg. 508, and note.
In West Virginia it is held that the statute providing that no execution shall issue on any judgment after ten years from its dale, applies to judgments rendered prior to the first day of April 1860, when the Code took effect. Bank v. Hays, 37 W. Va. 475, 16 S. E. Rep. 561; Spang v. Robinson, 24 W. Va. 327.
It is held, in Gardner v. Handcraft. 6 W. Va. 36, that an execution may be issued within two years after the date of the judgment.
3. Delay of Execution by Debtor,
Injunction. — In Hutsonpiller v. Stover, 12 Gratt. 582, the court held “that where the plaintiff is prevented by injunction from proceeding to execution, he may at any time within the year after its dissolution, sue out execution without scire facias; and this, where the parties remain unchanged, whether the injunction have continued for more or less than ten years.” The statute of limitation to judgments does not run while an injunction to the execution is pending. See also, Smith v. Charlton, 7 Gratt. 447; Noland v. Seekright, 6 Munf. 185.
In Richardson v. Prince George, 11 Gratt. 190, it was held thatwhere either party to a judgment died pending an injunction, a scire facias, might be sued out to revive the judgment. But nowhere in the opinion is it even intimated that a scire facias is necessary, though the defendant had since died.
4. Procedure upon Scire Facias. — Neither a declaration nor a rule to plead is necessary upon a scire facias to revive a judgment. If a scire facias r is returnable to rules, and the defendant makes default, there should then be an award of execution, which if not set aside at the next term, becomes a final judgment as of the last day of the term. No orderof the court is necessary in such case. McVeigh v. Bank, 76 Va. 267; Gedney v. Com., 14 Gratt. 318.
5. Effect of Writs Irregularly Issued. — The fact that an execution was issued irregularly and unlawfully after the expiration of more than a year and a day from the time of the decree, without any previous proceeding by way of scire facias or otherwise to authorize the same, is not such irregularity as would render the execution void, but only voidable. Beale v. Botetourt, 10 Gratt. 278; Spotts v. Com., 85 Va. 531, 8 S. E. Rep. 375.
6. Effect of Proceedings in Chancery. — Where ten years or more have elapsed since rendition of judgment, and no execution was issued upon it, and no writ of scire facias was sued out to revive it, within the period of ten years, the said judgment is barred by the statute of limitations, both at law and in equity. Petitions filed during that period by judgment creditor in a chancery suit brought to subject the lands of judgment debtor to the payment of judgment liens, and dismissed without any order on it except that of dismissed seven years after it was filed, did not suspend the right to sue out execution upon the judgment. Dabuey v. Shelton, 82 Va. 349.
C. Formal Contents of Writ.
1. Irregularity in Caption. — An execution purported in its caption to have been issued by a justice of the peace of Hardy county, when in fact it was issued by a justice of Hampshire county. Held, that the error was immaterial, and that the writ was valid to give authority to au officer in Hampshire county to levy it. Davis v. Davis, 2 Gratt. 363.
2. Recitals of Property to Be Taken, — In Gill v. State, 39 W. Va. 479, 20 S. E. Rep. 568. it was held that a writ of fieri facias upon a judgment of a circuit court for a fine against a person convicted of a misdemeanor, ought, according to statute, to run against the goods and chattels and real estate of the debtor.
3. Conformity of Execution with Judgment or De= cree. — Every execution should conform accurately to the judgment or decree which it is used to enforce. Snavely v. Harkrader, 30 Gratt. 487; Taney v. Woodmansee, 23 W. Va. 709; Holt v. Lynch, 18 W. Va. 567; B. & O. R. R. Co. v. Vanderwarker. 19 W. Va. 265; O'Bannon v. Saunders, 24 Gratt. 138: Moss v. Moss, 4 H. & M. 293; Beale v. Botetourt, 10 Gratt. 282.
*532 4. Where There Are Separate Judgments.
Against Several Defendants. — Where separate judgments are obtained, in favor of the same plaintiff, against several defendants in different suits, it is error to issue one execution upon such several judgments. B. & O. R. R. Co. v. Vanderwarker, 19 W. Va. 265; Taney v. Woodmansee, 23 W. Va. 709. But in Walker v. Com., 18 Gratt. 50, it was held that where in a proceeding at. law against several parties, judgments against one or more are entered at one time, and against others at another time, one execution may issue against all.
Against Same Defendant. — In Stuart v. Heiskell, 86 Va. 191, 9 S. E. Rep. 984, where there were two complainants before the court, one by original bill and the other by cross-bill, it was held that a provision in the decree giving them the right to have executions severally was both proper and in accordance with the usual practice.
5. Where Writ Issued after Assignment of Judgment. —After a judgment has been assigned, an execution thereon should be issued in the name of the assignor and not in the name of the assignee, though the court will not permit the former to control the execution. Reinhard v. Baker, 13 W. Va. 805; Clarke v. Hogeman, 13 W. Va. 718.
6. Interest. — According to statute the clerk in issuing executions is to include interest, even though interest is neither mentioned in the declaration, nor in the promise upon which the action was brought. Baird v. Peter, 4 Munf. 76; Wallace v. Baker, 2 Munf. 334.
D. From What Court Issuable.
1. At Law. — The power of courts of law to issue executions is conferred by the common law, and also by statutory enactments, in Virginia. Coleman v. Cocke, 6 Rand. 618.
2. In Equity. — In Shackelford v. Apperson, 6 Gratt. 453. it was held that it is only by force of statute that process of execution can be sued out upon decrees in chancery. See also, Windrum v. Parker, 2 Leigh 361; Snavely v. Harkrader. 30 Gratt. 487.
The court, in Windrum v. Parker, 2 Leigh 369, said: “Since ail executions, which can be issued upon a judgment at law, have been allowed by our statute to issue upon decrees in chancery, the courts •of chancery are bound, in deciding upon all questions in respect to them, to abide by the common law and statutes respecting executions at law.” . See also, Snavely v. Harkrader, 30 Gratt. 487.
3. Leave of Court. — In Shackelford v. Apperson, 6 Gratt. 453, it was held that, according to statute, the clerk had no authority to issue an execution upon an interlocutory decree, without an order of the court or the judge thereof in vacation.
Notice of Motion for Leave of Court. — A party may, without any previous notici to the defendant, move the court to direct an execution to be issued, where the clerk refused to issue one. Com. v. Hewitt, 2 H. & M. 181.
E. To What Place Issuable. — An execution must issue to the county where the defendant lives in the first instance, unless he has removed his effects out of it. Fleming v. Saunders, 4 Call 563; Byrdie v. Langham, 2 Wash. 72.
F. Who nay Sue Out the Writ.
Assignee of Judgment. — The assignee of a judgment, acquires the ancillary right of execution and may, upon sufficient proof of his rights, demand an issuance of the writ. Wallop v. Scarburgh, 5 Gratt. 5; Reinhard v. Baker, 13 W. Va. 805.
G. Against Whom the Writ May Issue.
1. Municipalities. — By virtue of statutory authority in West Virginia, an execution may issue against the private property of a municipal corporation. But by implication the taxes and public revenues of such coporations are exempt from the operation of the execution statutes. Brown v. Gates, 15 W. Va. 181.
2. Personal Representatives.
a. De Bonis Propriis. — Where there is a judgment or decree de bonis propriis against a personal representative, the execution thereon should not be against the goods and chattels of the decedent in his hands to be administered, but against his own goods and chattels. Moore v. Ferguson, 2 Munf. 421; Barr v. Barr, 2 H. & M. 26.
b. De Bonis Testatoris. — Upon a j udgm ent or decree de bonis testatoris against a personal representative, the execution should issue against the assets of the decedent, in the hands of the personal representative, not against the property of the latter in his own right. Beale v. Botetourt, 10 Gratt. 278.
But where the writ directs the sheriff to levy on the goods and chattels of B, executor of D, instead of on the goods and chattels of D in the hands of E to be administered, this is error of form only and not of substance, hence will not be held fatal. Beale v. Botetourt, 10 Gratt. 278.
H. Delivery to Sheriff.
In General. — After the issuance of the execution there are several successive steps to be taken. The first step is to place the execution into the hands of the sheriff. The effect of this step is to make the execution a lien on the property of the defendant to a certain extent and of a certain character. Walker v. Com., 18 Gratt. 43, 98 Am. Dec. 631.
Delivery to Deputy Sheriff Who Afterwards Becomes Sheriff. — Where an execution delivered to a deputy sheriff and he retains it until after the return day has passed, and thereafter he is appointed sheriff, his appointment does not change his possession of the execution, and he still holds it as deputy sheriff. Paine v. Tutwiler, 27 Gratt. 444.
I. Officers’ Commissions. — A debtor after the levy of a ft. fa., or an arrest on a ca. sa., cannot deprive the officer of his commissions by paying the money to the plaintiff before the sale of his property, or his discharge from custody, as the case may be. Gardner v. Neal, 9 Gratt. 87.
IV. ALIAS AND PLURIES EXECUTIONS.
A. In General. — A plaintiff may always, with the consent of all the defendants, abandon a levy upon the property of all or any of them, and afterwards sue out a new execution. If the defendants in an execution be a principal and his sureties, and the property levied on be that of the sureties, the plaintiff may, with the consent of the sureties only, abandon the levy, and afterwards sue out executions against all the defendants. If the levy be abandoned by the sheriff, with the consent of the defendants, without the concurrence or authority of the plaintiff; or if the property be eloigned or removed by the defendant out of the reach of the sheriff, without the consent of the sheriff or the plaintiff, the latter may sue out a new execution. A mere suspension of proceedings on a levied execution does not authorize a restoration of the property to the possession of the defendant, or release the levy. And if, by a misunderstanding of the directions of the plaintiff by the sheriff and the defendants, the property is released by the sheriff to them, the plaintiff may have a new execution. Walker v. Com., 18 Gratt. 13.
*533 B. While Levy in Force. — As a general rule where an execution has been levied upon property, an alias execution is npt issuable while such levy is still in force and remains undisposed of. Bullitt v. Winstons, 1 Munf. 269 ; Windrum v. Parker, 2 Leigh 361.
According to statute, a party who has sued out one execution, may sue out others, if the first be not returned and not executed; but if the first be executed though not returned, the party is not entitled to sue out any other execution. Windrum v. Parker, 2 Leigh 361.
C. While Forthcoming Bond in Force. — Where an execution has been levied, and a forthcoming or replevy bond given, anew execution cannot issue while such bond is in force and has not been quashed. Taylor v. Dundass, 1 Wash. 92; Downman v. Chinn, 2 Wash. 189 ; Randolph v. Randolph. 3 Rand. 490.
D. Where First Execution Not Complete Satisfaction. —Under an execution, of which there was no return by the officer, it appeared that some shares of stock belonging to the debtor had been sold to satisfy the judgment; but the stocks did not bring enough to discharge the judgment, and it was held that the plaintiff could have another execution for the balance still due. Fisher v. March, 26 Gratt. 765; Coleman v. Cocke, 6 Rand. 618, 18 Am. Dec. 757.
E. Discharge from Arrest under Ca. Sa. — It was held in Windrum v. Parker, 2 Leigh 361, that if a debtor be arrested on a ca. sa. and discharged by order of the creditor or his agent, no other execution can be had on the same judgment or decree. There is a dictum, however, by Gbken, J., to the effect that if a debtor in custody under a ca. sa. be permitted to escape, the creditor is entitled to another execution against him.
If a debtor charged in execution escape, the creditor may obtain a new execution, either by scire facias, or upon motion after reasonable notice. Fawkes v. Davison, 8 Leigh 554.
F. Issued without Authority of Law. — The commonwealth got judgment against the sheriff of W. county and his sureties, and had a fi. fa. issued and levied. Upon return thereof, it had a venditioni exponas issued. Instead of this writ going to the sheriff, it was taken in charge by the auditor of public accounts. Nothing was done, and no other process issued for over sixteen 3rears, when, in December, 1884. an alias fi. fa. was issued, levied and returned, and thereupon a writ of venditioni exponas was issued. The sureties moved the court below to quash the alias writ of ven-ditioni exponas, which motion was denied. Held, the writ of venditioni exponas, as well as the alias fi. fa., was issued without authority of law, and should be quashed. Sutton v. Marye. 81 Va. 329.
V. LEVY OF EXECUTION.
A.Necessity for Levy on Tangible Property.— The second step after the issuance of the execution is to levy the same on specific tangible property, by which such property is set apart from the general property of the defendant and placed in the custody of the law until it can be sold and applied to the payment of the execution. Walker v. Com., 18 Gratt. 43, 98 Am. Dec. 631.
Before there can be a sale of corporeal personal property under execution there must be an actual levy of the writ of fieri facias and the mere delivery of the writ to the sheriff without a levy creates no security for the debt. Humphrey v. Hitt, 6 Gratt. 526, 52 Am. Dec. 136; Walker v. Com, 18 Gratt. 43; Charron v. Boswell, 18 Gratt. 225.
An officer who is interested in an execution cannot levy it himself. Carter v. Harris, 4 Rand. 199.
Under Control of Plaintiff. — In executing a writ of fieri facias the sheriff is the agent of the beneficial plaintiff, and he and his attorney have the right to control the execution of the writ, and to say whether the sheriff shall levy it, or return it without doing so. Rowe v. Hardy, 97 Va. 674, 34 S. E. Rep. 625.
B. Time of Levy.
1. Levy after Return Day. — The officer has no right to make a levy after the return day of the writ, and such levy is void and not binding on the creditor. Grandstaff v. Ridgely, 30 Gratt. 1; O’Bannon v. Saunders, 24 Gratt. 138; Chapman v. Harrison, 4 Rand. 336; Cockerell v. Nichols, 8 W. Va. 159.
But where the execution has been levied before the return day. the officer may receive payment after that day has passed. Paine v. Tutwiler, 27 Gratt. 440; Grandstaff v. Ridgely, 30 Gratt. 1; O’Bannon v. Saunders, 24 Gratt. 138; Chapman v. Harrison, 4 Rand. 336; Cockerell v. Nichols, 8 W. Va. 159.
2. After Satisfaction of Judgment. — Though, as a general rule, after the payment of a judgment the writ of execution cannot be levied, yet in West Virginia it is still an open question whether the execution will be kept in force for the benefit of a sheriff or stranger who has paid the judgment. Feamster v. Withrow, 12 W. Va. 611; Neely v. Jones, 16 W. Va. 628; Beard v. Arbuckle, 19 W. Va. 135. In Virginia, however, a sheriff may purchase a debt in his hands for collection if he acts in good faith. Rhea v. Preston, 75 Va. 757.
3. After Death of Plaintiff. — The death of the plaintiff does not abate an execution, and it is proper for the officer to levy the writ notwithstanding such death. Turnbull v. Claibornes, 3 Leigh 392; May v. Bank, 2 Rob. 60.
C. Mode of Levy.
1. In General. — In Bullitt v. Winstons. 1 Munf. 269, it was held that a writ of fieri facias, may be levied upon chattels without touching or removing them, provided they be in the immediate power of the sheriff, and admitted by him to have been taken to satisfy the debt. This is especially true where the debtor waives seizure and requests that the property be left in his possession. See also, Wardsworth v. Miller, 4 Gratt. 101; Dorrier v. Masters. 83 Va. 459, 2 S. E. Rep. 927. In 4 Va. Law Reg. 253, there is a very able editorial on this subject.
2. Partnership Chattels — Upon an execution against partnership property for the individual debt of one of two partners, the sheriff must seize all the social effects, and sell a moiety thereof undivided, for if he seized a divided moiety and sold that the other partner would still have a moiety of such moiety. Shaver v. White, 6 Munf. 110, 8 Am. Dec. 730; Wayt v. Peck, 9 Leigh 434; Christian v. Ellis, 1 Gratt. 396; Petty-john v. Woodroof, 86 Va. 478, 10 S. E. Rep. 715; Ashby v. Porter, 26 Gratt. 455; Robinson v. Allen, 85 Va. 721, 8 S. E. Rep. 835; Straus v. Kerngood, 21 Gratt. 584; Carper v. Hawkins, 8 W. Va. 291; Shackelford v. Shackelford, 32 Gratt. 502.
3. Confusion of Goods with After=Acquired Property. —Where executions of different dates are levied on a fluctuating stock of goods the senior execution has preference on all the goods in stock before its return day, and the onus prodandi is on the junior execution creditor to show that any special articles came into the stock after the return day. Carr v. Meade, 77 Va. 142.
D. Against Several Defendants. — In Humphrey v. Hitt, 6 Gratt. 523, 52 Am. Dec. 134, there is a dictum by *534 Baldwin, X, to the effect that upon a joint judgment against two defendants, execution may issue and be levied upon the property of either. See also, Knight v. Charter, 22 W. Va. 422.
E. When There Are Several Executions. — Where there are several executions against the same debtor in the hands of the sheriff, it is his duty to levy them in the order in which they were delivered to him. Hartman v. Campbell, 5 W. Va. 394.
F. Property in Custodia Legis. — While property is in the hands of a receiver, or under the control of the court, no execution can be levied upon it, for that would be to interfere with the possession of the court, but the ft. fa. creates a lien thereon. Davis v. Bonney, 89 Va. 760, 17 S. E. Rep. 229; Frayser v. R. & A. R. Co., 81 Va. 392. But see, 3 Va. Law Reg. 23.
The court may direct money made under an execution, and which money is in the hands of the sheriff, or is brought into court, according to the command of the writ of fieri facias, to be paid over in satisfaction of another writ of ft. fa. in the hands of the same sheriff against the goods and chattels of the plaintiff in the first execution, he having the legal and equitable title to receive the same. And this is true although it may not appear that sufficient effects cannot otherwise be found to satisfy the judgment Steele v. Brown, 2 Va. Cas. 246.
G. 'Return of Writ. — A return on a writ or process is the short official statement of the officer endorsed thereon of what he has done in obedience to the mandate of the writ, or why he has done nothing. He may have been prevented from obeying the mandate of the writ by an injunction, or by a supersedeas, or by the order of the plaintiff or his attorney. A return of any of these facts endorsed on the writ is a sufficient return. Rowe v. Hardy, 97 Va. 674, 34 S. E. Rep. 625; 5 Va. Law Reg. 672.
i. Endorsement.
a. In General. — Where a writ of ft. fa. is returned “not levied by reason of the stay law,” it will be presumed in the absence of an endorsement or proof of the date of its receipt by the officer, that it went into his hands after April 30, 1861 (time when stay law took effect), in which case such return was valid. And .where by statute it is required that the officer shall return upon a writ of ft. fa. “whether the money is or cannot be made,” a return of “not levied by reason of the stay law” is a return substantially that the money “cannot be made.” Hamilton v. McConkey, 83 Va. 533, 2 S. E. Rep. 724; Shipley v. Pew, 23 W. Va. 495.
The sheriff’s failing to mention, in his return of an execution, one of the negroes on whom it was levied, is no ground for reversing a judgment on a forfeited forthcoming bond, in which that negro is mentioned as one of those on whom such execution was levied. See Jones v. Hull, 1 H. & M. 212; Dix v. Evans, 3 Munf. 308.
In general, the return of the sheriff, of “no effects,” on an execution in favour of an assignee of a bond against the obligor, is sufficient to charge the assignor. Goodall v. Stuart, 2 H. & M. 105.
An execution was returned endorsed to the effect that on April 14th, 1861, a ft. fa. had been levied on one slave, the property of defendant, and held up by order of plaintiff. On April 30th, 1861, the stay law was enacted, and continued in force until emancipation. . H,eld, it is not to be presumed from the levy that the judgment was satisfied. Saunders v. Prunty, 89 Va. 921, 17 S. E. Rep. 231. '
In Eckhols v. Graham, 1 Call 492, it was held that the names of slaves taken upon an execution ought tobe endorsed thereon, to prevent purchasers from being deceived. .
b. Extra-Official Return. — What a sheriff adds to his official return is extra-official, and such additional, extra-official return is not even prima facie evidence of any fact therein stated. Alexander v. Byrd, 85 Va. 690, 8 S. E. Rep. 577; Shannon v. McMullin, 25 Gratt. 211.
2. Presumption as to Levy. — In Paine v. Tutwiler, 27 Gratt. 440, where there was nothing to show whether an execution, placed in the hands of the officer, had been levied or not, it was held that after a great lapse of time the court will presume that the execution was levied before the return day thereof. See also, O’Bannon v. Saunders, 24 Gratt. 138.
a. Evidence. — Parol evidence is admissible to prove that an execution was levied, though no return was made upon it. Bullitt v. Winstons, 1 Munf. 269.
b. Rebuttal of Presumption. — In Paxton v. Rich, 85 Va. 378, 7 S. E. Rep. 531, it was held that the presumption, that an execution delivered to an officer has been levied, may be repelled by evidence to show that, about the time when the writ went into the officer’s hands, the debtor possessed no leviable property, though there has been a non-return of the writ for fourteen years.
3. Time of Return. — Though as a general rule the officer must return the execution before the return day is past, yet by order of court, a sheriff may be permitted to make or amend a return at any time after the return day. Bullitt v. Winstons, 1 Munf. 269; Baird v. Rice, 1 Call 24; Hare v. Niblo, 4 Leigh 361.
In the absence of a date, or other evidence showing when the return of an officer on a writ was made, it is presumed to have been made at a time when he had the right to make it, and in due time, as the prima fade presumption is that the officer has done his duty. Rowe v. Hardy, 97 Va. 674, 34 S. E. Rep. 625.
4. Amendment of Return. — Having made return on an execution and on that return, in part, a decree having been entered, in subsequent proceedings against him and his sureties, the sheriff will not be permitted to amend his return, so as to explain it away and enable his sureties to escape liability for his default. Carr v. Meade, 77 Va. 142.
But in Rucker v. Harrison, 6 Munf. 181, a super-sedeas to the execution having been awarded, the sheriff was allowed by the court to amend his return after a lapse of seven years from its date. See also, on this point, Smith v. Triplett, 4 Leigh 590; Wardsworth v. Miller, 4 Gratt. 99.
A sheriff cannot amend his return upon an execution after it has been filed, except by motion to the court, upon notice to the creditor. Hammen v. Minnick, 32 Gratt. 249.
A sheriff may have leave to amend his return upon an execution, after notice of a motion against him founded on the original return. And the amended return may be made by a deputy who did not make the first return. Stone v. Wilson, 10 Gratt. 529.
Upon a motion to quash a second execution in vacation, the judge may, in vacation, allow the sheriff to amend his return on the first execution. Walker v. Com., 18 Gratt. 14.
It was held in Henry v. Stone, 2 Rand. 455, that a sheriff can not contradict his return, but must obtain leave of the court to amend it.
5. Conclusiveness of Return. — In an action between the assignees and assignors, the sheriff’s return of *535 nulla tona on the execution against the obligors in the forthcoming bond, though amended after the assignees’ action and five years after the return, so as to show the insolvency of both, is conclusive evidence of such insolvency. Smith v. Triplett, 4 Leigh 590; Taylor v. Dundass, 1 Wash. 92.
A sheriff’s return may be contradicted by evidence aliunde; in wliich case the sheriff himself would be a competent witness to prove its truth. But after judgment by default, a party cannot object in an appellate court, to the truth of the return. Cunningham v. Mitchell, 4 Rand. 189; Lathrop v. Lumpkin, 2 Rob. 49; Norris v. Crummey, 2 Rand. 329; Henry v. Stone, 2 Rand. 455.
In the absence of proof to the contrary, and especially after a great lapse of time, an execution which had gone into the hands of the sheriff, and is indorsed by him as levied on personal property of the debtor, 1 will warrant two presumptions: first, that the officer levied on sufficient property to pay the debt; and, secondly, that the property had been sold, and the judgment and execution satisfied. Northwestern Bank of Va. v. Hays, 16 S. E. Rep. 561, 37 W. Va. 475.
The validity of the return of an officer on a writ of .fieri facias is not affected by the fact that the writ is not returned to the office till after the return day thereof. The record is incomplete till the writ is returned, but when returned, the return becomes competent evidence of the facts therein stated, and the parties are entitled to the benefit of their legal effect. Rowe v. Hardy, 97 Va. 674, 34 S. E. Rep. 625.
A return upon an execution which the officer has the right to make is conclusive between the parties, and they are interested to have the officer make his return and file the writ with the proper custodian. But neither of the parties can be deprived of the benefit of the return by the failure of the officer to make it at the return day of the writ. The officer may be thereafter compelled to make his return by process of contempt, or by proceeding to enforce the forfeitures and penalties prescribed by law. Rowe v. Hardy, 97 Va. 674, 34 S. E. Rep. 625.
A sheriff's or other officer’s return upon a forthcoming bond is not conclusive, but only prima facie evidence of its truth. Adler v. Green, 18 W. Va. 201.
H. Abandonment of Levy.
1. By Fraudulent Collusion. — When goods have been taken in execution under a,#, fa., a, direction, given by the creditor to the sheriff to restore the goods to the possession of the debtor, is fraudulent, and dis-troys the lien of execution on the property; but a mere order to postpone the sale, without collusion, does not affect the lien of the execution. Fisher v. Vanmeter, 9 Leigh 18, 33 Am. Dec. 221; Bullitt v. Winstons, 1 Munf. 269; Claytor v. Anthony, 6 Rand. 305.
2. By Alias Writ. — A previous levy of an execution is waived and abandoned by the issuance of another writ. Eckhols v. Graham, 1 Call 492.
3. By Voluntary Relinquishment. — In Walker v. Com., 18 Gratt. 13, 98 Am. Dec. 631, it was held thatan execution creditor cannot voluntarily abandon a valid subsisting levy, and afterwards insist that the judgment has not been discharged and demand a new execution.
I. Garnishment Proceedings.
Whom Summoned. — Under the West Virginia statute regulating garnishment proceedings, it is held that, where a suggestion is issued it is unnecessary that any other person than the one designated, as indebted to. or holding effects of, the judgment debtor, should be summoned. Lanham v. Lanham, 30 W. Va, 222, 4 S. E. Rep. 273.
Personal Representatives. — In Bickle v. Chrisman, 76 Va. 678, the court said: “It is well settled that process of garnishment at law will not lie against personal representatives.” See also, Whitehead, v. Coleman, 31 Gratt. 784; Parker v. Donnally, 4 W. Va. 648; Brewer v. Hutton, 45 W. Va. 106, 30 S. E. Rep. 81. Compare Vance v. McLaughlin, 8 Gratt. 289.
Public Fiduciaries. — In Aumann v. Black, 15 W. Va. 773, it was held, a collector of a municipal corporation could not be garnished to enforce the lien of'¿.fieri facias.
Nor can the treasurer of the state be a garnishee in respect to money or effects which he holds strictly in his official capacity. Rollo v. Andes Ins. Co., 23 Gratt. 509.
Corporations. — The shares of a stockholder in a joint stock company, incorporated by and conducting its operations, in whole or in part, in the state are such estate as is liable to be attached in a proceeding instituted for that purpose, by one of the creditors of such stockholder; and such estate may properly be considered, for the purpose of such proceeding. as in the possession of the corporation in which the shares are held, and such corporation may properly be summoned as garnishee in the case. Chesapeake & O. R. R. Co. v. Paine, 29 Gratt. 502; S. V. R. Co. v. Griffith, 76 Va. 913.
Under the 10th and 11th sections of chapter 141 of Code of West Virginia, pp. 673-674, providing for a suggestion by a judgment creditor, that by reason of the lien of a writ of fieri facias there is a liability on any person other than the judgment debtor and a summons thereon to such third person to answer the suggestion, a judgment can be rendered against such third person, only when he owes a debt to the defendant in the execution or has in his hands personal estate of the defendant in the execution, for which debt or estate an action at law could have been brought against him. And if his liability is purely equitable and could be enforced only in a court of equity, no judgment can be rendered against him in such proceeding as a garnishee. Swann v. Summers, 19 W. Va. 115; Clough v. Thompson, 7 Gratt. 33; Penn v. Spencer, 17 Gratt. 94.
If by any legislation one corporation takes charge oí a wriion. of the property and franchise of another and conducts its business in part, and by such legislation and action it is responsible to render an account in a court of equity for its actings and doings to the first corporation of its creditors, the creditor of the first corporation, who has issued a fieri facias against the property of the first corporation, cannot obtain by the garnishee process a judgment against the second corporation or any of its debtors. Swann v. Summers, 19 W. Va. 115.
Effect. — The proceeding hy garnishment under an execution and that by attachment have practically the same effect, except that under the former the creditor does not acquire a lien upon the specific property. Bickle v. Chrisman, 76 Va. 691; and see especially, on this subject, monographic note on “Attachments” appended to Lancaster v. Wilson, 27 Gratt. 624.
VI. LIEN OF EXECUTION.
A. Effect of Levy.
i. In General. — A fi. fa. levied at the suit of a creditor, upon the corporeal personal property of the debtor, is unquestionably a security for the debt; it is a direct appropriation, by authority of law, of *536 specific property of the debtor, for the purpose of satisfying the demand. . The lien thereby created is substantial and enduring, as much so as a mortgage or a pledge, and can be defeated only by the act of the creditor. Humphrey v. Hitt, 6 Gratt. 526, 52 Am. Dec. 136 ; Spence v. Repass, 94 Va. 716, 27 S. E. Rep. 583; 2 Va. Law Reg. 704.
2. As to Title of Property. — The levy of an execution of fi. fa. does not divest the defendant in the execution of the property, and transfer the title to the plaintiff or the sheriff. Only a special interest is vested in the sheriff as a mere bailee, to enable him to keep the property safely, and defend it against wrongdoers. It is in the custody of the law, and the sheriff has a naked power to sell it and pass the title of the owner to the purchaser. Walker v. Com., 18 Gratt. 13 ; Lusk v. Ramsay, 3 Munf. 431; Rhea v. Preston, 75 Va. 772.
B. Commencement of Lien; — According to statute, a Seri facias is a lien only from, the time it goes into the hands of the sheriff to be executed, upon all the personal estate of the debtor, with the exception stated in the statute. Puryear v. Taylor, 12 Gratt. 401 ; Frayser v. R. & A. R. R. Co., 81 Va. 392 ; Huling v. Cabell, 9 W. Va. 522, 27 Am. Rep. 562 ; Wiant v. Hays, 38 W. Va. 681, 18 S. E. Rep. 807.
The lien of a fieri facias never levied, attaches to all the personal property owned by the debtor, and to all choses in action to which he may be entitled at any time prior to the return day of the Seri facias, subject only to the exceptions specified in chapter 141, section 1, of the Code of West Virginia. Huling v. Cabell, 9 W. Va. 522.
C. Extent of Lien.
1. Property Subject to Levy — In Huling v. Cabell, 9 W. Va. 530, 27 Am. Rep. 566, it was held that the lien of an execution attaches to all the personal estate of the debtor capable of being levied on, though such property is not levied on.
2. Property Not Subject to Levy. — In Frayser v. R. & A. R. R. Co., 81 Va. 392, the court said; “By the comprehensive terms of the statute, the lien of a ti-fa., from the time the writ is delivered to the officer to be executed, extends to all the personal estate of the judgment debtor — although not levied on nor capable of being levied on — with certain enumerated exceptions. See also, to the same effect — that personal property not capable of being levied on,- may, nevertheless, be subject to the lien — Hicks v. Roanoke Brick Co., 94 Va. 749, 27 S. E. Rep. 596; Davis v. Bonney, 89 Va. 760, 17 S. E. Rep. 229; Huling v. Cabell, 9 W. Va. 530, 27 Am. Rep. 566; Wiant v. Hays, 38 W. Va. 681, 18 S. E. Rep. 807. See especially, strong editorial, in 4 Va. Law Reg. 255.
3. Title of Creditor under an Eiegit. — A creditor extending the land of his debtor under an eiegit, stands, in judgment of law, as if he had taken a lease for years in satisfaction of his debt; and by virtue of such intent, he acquires a title to the premises which maybe the subject of adjudication in the court of appeals, as a controversy concerning the title of land. Lyons v. McGuire, 22 Gratt. 202.
The officer executing a writ of eiegit does not deliver to the creditor actual possession of the premises, but only the legal possession, which may be enforced by ejectment, or by writ of unlawful detainer when the cause of action has accrued within three years. Lyons v. McGuire, 22 Gratt. 202.
If, after an extent under an eiegit, the possession of the premises is withheld by the debtor, or some one claiming under him, the tenant, by eiegit, may recover the same by action, and hold over even after his term has expired; and this, though his term has expired before the trial of the cause. Lyons v. McGuire, 22 Gratt. 202.
D. Assignment of Property Subject to Lien.
Bona Fide Purchasers. — The lien of an execution is held, according to statute, not to affect a bona fide assignee of intangible property, for value and without notice of such lien. Trevillian v. Guerrant, 31 Gratt. 525; Charron v. Boswell, 18 Gratt 216; Evans v. Greenhow, 15 Gratt. 153; Puryear v. Taylor, 12 Gratt. 401; Huling v. Cabell, 9 W. Va. 522, 27 Am. Rep. 562; Wiant v. Hays, 38 W. Va. 681, 18 S. E. Rep. 807.
But these cases also recognize the rule, that if the purchaser has notice of the lien, or does not pay value for the property, he is not protected, and the lien still binds the property in his hands.
In Evans v. Greenhow, 15 Gratt. 153, a deed to secure bona fide d ebts was upheld as against an execution creditor.
In West Virginia, by statute, the docketing of the lien is notice, even against a bona fide purchaser for value, who buys the property after the return day of the writ. Wiant v. Hays, 38 W. Va. 685, 18 S. E. Rep. 809.
E. Priority between Several Liens.
1. General Rule. — As a general rule, where there are several executions against the same property, they take priority in the order in which they were delivered to the officer. Charron v. Boswell, 18 Gratt. 216; Foreman v. Loyd, 2 Leigh 284, overruling Jackson v. Heiskell, 1 Leigh 257.
Hence, according to the general rule, a junior execution creditor, obtains no priority by reason of first discovering assets. Charron v. Boswell, 18 Gratt. 216.
2. Common-Law Rule. — In Humphrey v. Hitt, 6 Gratt. 527, 52 Am. Dec. 133, it was held that the delivery of the execution to the sheriff was not a lien upon the goods of the debtor; but that it was the levy which made the lien. It followed of course, from this hypothesis, that the execution first levied had priority, even though it was not the first delivered to the officer. This case, however, was decided before the enactment of the statute, declaring that the execution lien should commence from the time of delivery to the officer.
3. Prior Incumbrances. — A deed of trust, which had been given and recorded prior to the issuance, delivery, or levy of a writ of execution, is held to have priority over such execution. Bank v. Turnbull, 32 Gratt. 695; Childers v. Smith, Gilmer 196.
But in Pegram v. May, 9 Leigh 176, the writ of execution had been issued and delivered, but, before levy, the debtor made a deed of trust of certain tangible property, which was afterwards levied on in the hands of the purchaser. Held, the lien of execution has priority over the lien of the deed of trust, and the purchaser under the execution is entitled to the property.
4. Subsequent Incumbrances. — It was held in Puryear v. Taylor, 12 Gratt. 401, that the mere delivery of the writ to the officer gives the execution priority over a subsequent attachment.
Choses in Action. — An insolvent debtor may, notwithstanding his insolvency, make a valid assignment of a chose in action owned by him, and the bona tide assignee for value of such chose in action takes title thereto superior to the lien of a jfieri facias against such debtor. It is immaterial whether the debtor intended to commit a fraud in making the assignment or not, if the assignee has no notice of such intent, or of the existence of the fi. fa. and pays *537 value. Shields v. Mahoney, 94 Va. 487, 3 Va. Law Reg. 302, 27 S. E. Rep. 23.
At the time a receiver is appointed at the suit of trust creditors to take possession of a railroad and carry it on, there are a number of executions against the company in the hands of the sheriff; and there are funds derived from income and balances due from employees, in the hands of or due to the company. Held. the execution creditors are entitled to have these funds and balances applied to the satisfaction of their debts in preference to the trust creditors. Gibert v. Washington City, etc., R. Co., 33 Gratt. 645; Frayser v. R. & A. R. Co., 81 Va. 388.
5. Landlord’s Lien. — The landlord’s lien, for a year’s rent on the goods and chattels of his tenant, does not extend to protect them from being taken by virtue of any execution, except in cases where the said goods and chattels shall be in or upon the demised premises. Geiger v. Harman, 3 Gratt. 130; City of Richmond v. Duesberry, 27 Gratt. 213; Wades v. Figgatt, 75 Va. 578; Crawford v. Jarrett, 2 Leigh 638; Upper Appomattox Co. v. Hamilton, 83 Va. 319, 2 S. E. Rep. 195.
6. Adjustment of Conflicting Liens. — A conflict of liens may be adjusted by a petition to the court, the force and effect of whose process is in question, or more satisfactorily by a proceeding in equity, to which all persons concerned should be made parties. Moore v. Holt, 10 Gratt. 284; Charron v. Boswell, 18 Gratt. 220; Erskine v. Staley, 12 Leigh 406.
P. Duration of Lien.
i. In General. — In Carr v. Glasscock, 3 Gratt. 354, it was held that the lien which a creditor acquires by a levy of his execution upon personal property is, if not enforced by a sale thereof, only temporary, and expires with the authority to sell under the execution. But under Va. Code, § 3602. the lien of a writ of Jleri facias continues so long as the judgment can be enforced. Hicks v. Roanoke Brick Co., 94 Va. 749, 27 S. E. Rep. 596.
The lien continues after the return day of the execution, and only cases when the right to levy the execution, or to levy a new execution upon the judgment ceases, oris suspended by a forthcoming bond being given and forfeited, or by a supersedeas or other legal process. Puryear v. Taylor, 12 Gratt. 401; Charron v. Boswell, 18 Gratt. 227; Trevillian v. Guerrant, 31 Gratt. 525.
a. West Virginia Rule. — The lien, as to the property not leviable, does not end with the return day; but on leviable property, the lien ceases with the return day, unless there has been a levy of the writ, or a docketing of the lien. Wiant v. Hays, 38 W. Va. 685, 18 S. E. Rep. 809.
3. Death of Debtor. — In Trevillian v. Guerrant, 31 Gratt. 525. it was held that the lien of an execution upon the debtor’s choses in action, though not enforced in his lifetime, continues after his death as against the other creditors of the debtor. See also, Frayser v. R. & A. R. Co., 81 Va. 388; Allan v. Hoffman, 83 Va. 129, 2 S. E. Rep. 602; Hicks v. Roanoke Brick Co., 94 Va. 750, 27 S. E. Rep. 596; Werdenbaugh v. Reid, 20 W. Va. 599.
4. Taking Out Second Execution. — If a plaintiff sues out a second execution, before the property taken under the first is disposed of, he waives the first, and destroys the lien on the property taken under the first. Eckhols v. Graham, 1 Call 492: McKey v. Garth, 2 Rob. 33, 40 Am. Dec. 725.
G. Forthcoming or Delivery Bond.
i. Form of Bond. — A forthcoming bond should be made payable to the creditor, and not to the sheriff; the amount of the execution ought to be recited, and the condition should be to deliver the property at the time and place of sale, and not when demanded. If the bond be defective in any of the above instances, or in others, the court may. and ought to quash it on motion. Downman v. Chinn, 2 Wash. 189.
The condition of a forthcoming bond ought to set forth, with certainty, the time and place of sale ; but it need not state that the day mentioned, is that appointed for the sale. Irvin v. Eldridge, 1 Wash. 161 ; Wood v. Davis, 1 Wash. 69.
A forthcoming bond given by the defendant only, without any security, will support a motion, and judgment will be rendered on it in favor of the plaintiff. Washington v. Smith, 3 Call 13.
A forthcoming bond, mentioning the persons against whom the execution issued, and that “they were desirous of keeping in their possession, until the day of sale, the property taken by the sheriff,’* sufficiently describes it as their property. Bronaughs v. Freeman, 2 Munf. 266.
A forthcoming bond should not be quashed for the vagueness with which the property named in it is described, the description being : “All of F. J. Calhoun’s household and kitchen furniture now in said tenement,” referring to that described in the warrant ; there being in such case no necessity that an inventory of the property should he made. Central Land Co. of W. Va. v. Calhoun, 16 W. Va. 361.
A forthcoming bond is good, although it appoints no place at which the delivery is to be made. Burwell v. Court, 1 Wash. 254.
If a forthcoming bond do not recite against whom the execution issued, and upon whose property it was levied, it may be quashed on motion. Hubbard v. Taylor, 1 Wash. 259; Lewis v. Thompson, 2 H. & M. 100.
If the forthcoming bond recites an execution, and that property has been taken to satisfy it, a variance, between the sheriff’s return and the bond, provided the bond agrees with the execution, is unimportant. If the clerk of the court alter a forthcoming bond, it will not prejudice the plaintiff ; but the bond will be restored to what it originally was. Buchanan v. Maynadier, 6 Call 1.
Where the execution is against four persons, and the forthcoming bond recites that the execution was against three, it is a material variance, for which the bond should be quashed. Holt v. Lynch, 18 W. Va. 568.
2. Validity of Bond. — If the forthcoming bond include an excess, and the plaintiff after judgment, but during the same term, release the excess, the defect is thereby cured, and the judgment rendered valid. Bell v. Marr, 1 Call 47; Scott v. Hornsby, 1 Call 41.
Where execution against two is levied on the goods of one, and the latter gives a forthcoming bond with the others as his only surety, such surety, being already bound, is not security such as the law requires. Garland v. Lynch, 1 Rob. 546.
The sheriff’s fee for taking a forthcoming bond may be included in it. Bronaughs v. Freeman, 2 Munf. 266.
If before the act of 1794, the sheriff in taking a forthcoming bond included his commissions on the debt, it was erroneous, but in such case the bond is not void ; and the judgment shall be entered for the sum due without the commissions. Worsham v. Egleston, 1 Call 48.
*538 The obligee in a forthcoming' "bond may also he a surety, and such fact will not render the bond void. Booth v. Kinsey, 8 Gratt. 560.
A fi. fa. is sued out by X and Y on a judgment recovered by them; they endorse on the writ that it is for the benefit of A, and the sheriff levies it and takes a forthcoming bond payable to A. Meld, the bond is valid. Meze v. Howver, 1 Leigh 442.
where a surety on a forthcoming bond was induced to sign the bond in blank by the false representations of the principal and sheriff as to the amount of the judgment, equity will not granthim relief, the judgment creditor not being a party. But where judgment on the forthcoming bond was rendered on proof of notice by the sheriff, when in fact no such notice had been given, and the surety was induced by the other party to believe that notice would be given, relief will be granted to the surety on the ground of surprise, if he pays the amount for which he supposed he was bound. Gordon v. Jeffery, 2 Leigh 410.
3. Liability on Bonds. — Parties who voluntarily enter into a forthcoming bond are estopped from all inquiry into the regularity and validity of the levy of the writ of fieri facias upon which the bond was taken. Shaw v. McCullough, 3 W. Va. 260.
A. gave a forthcoming bond, with W. surety. Judgment was rendered on the bond against A., and a fi. fa. issued. Property was taken, but the fi. fa. was not returned. These proceedings were no bar to a motion upon the bond against W. Winston v. Whitlocke, 5 Call 435.
Where a forthcoming bond is given, and the debtor, on the day of sale, pays to the creditor the full amount of the debt, interest and costs, except the sheriff’s commission, the bond will be forfeited, and a motion will lie upon it.' Bernard v. Scott, 3 Rand. 522.
A judgment is obtained against three persons, and execution is issued thereon, which is levied on the property of one of them, who, thereupon,- gives a bond with security for the forthcoming and delivery of the property on the day of sale; and this bond is forfeited. Meld, the execution and forfeiture of the bond did not discharge and extinguish the original debt, as against the other joint debtors.
The surety of a joint debtor, in a forthcoming bond, becomes, upon the forfeiture thereof, surety for the debt; and when he has discharged it, is entitled to be substituted to all the rights of the creditor against the original debtors, subsisting at the time he became so bound for the debt. Robinson v. Sherman, 2 Gratt. 178, 44 Am. Dec. 381.
A judgment cannot be obtained upon a forthcoming bond, bearing date before the 7th of January, 1807, against the sheriff to whom the estate of a deceased obligor has been committed, as against an executor or administrator in ordinary cases; — but the plaintiff must exhibit his claim before the court, according to the act of 1792. Jackson v. Ewell, 4 Munf. 426.
Where, on the day of sale mentioned in the forthcoming bond, the property is on the spot before 1 o’clock, but not delivered to the sheriff until after 4 o’clock, this will not be a good delivery under the act of 1821, in certain cases, and the bond will be forfeited. M’Kinster v. Garrott, 3 Rand. 554.
Where a forthcoming bond was given on an execution issued in contravention to the stay law, no advantage can be taken of this fact to defeat the question of substitution between sureties, or change the liability of endorsers, however much it may have been good ground for quashing the execution. Conaway v. Odbert, 2 W. Va. 25.
The surety in a forthcoming bond has a right to deliver the property on the day of sale, if he can on that day peaceably obtain possession thereof. Lusk v. Ramsay, 3 Munf. 417.
If the sheriff, after taking a forthcoming bond, accept the same goods from the defendant, in discharge of his body from another execution, and prevent the surety in such bond from delivering them on the day of sale therein appointed; a court of equity, on a bill for discovery and injunction, exhibited by the surety, will require the sheriff, and all Parties concerned, to answer a charge of fraud and combination, and (whether fraud be established or not) will perpetually enjoin a judgment rendered against the surety upon the forthcoming bond, as unconscionable against 'him; leaving a plaintiff, in that judgment, to his remedy against the sheriff; and the sheriff to his remedy against the person who indemnified him, or to whom, by mistake, or in his own wrong, he paid the money in satisfaction of the second execution. Lusk v. Ramsay, 3 Munf. 417.
The bond executed under the act of May 28,1870, entitled “an act to prevent the sacrifice of personal property at forced sales,” Session Acts 1869-’70, ch. 120, p. 162, is a lien on the land of the obligors who are alive, from the return of the bond to the clerk’s office; and the surety in the bond paying it off is entitled to be substituted to the lien of the bond upon the land of the principal obligor. Barger v. Buckland, 28 Gratt. 850.
If a forthcoming bond fixes a day of sale different from the day of delivery named in the bond, and on the day fixed for the delivery the execution debtor goes to the sheriff or other officer and informs him that the property is at the place of sale, and he does not go there to receive it, and the property is there in fact and ready to be delivered to the officer, this is a satisfaction of the condition of the bond, and there can be no recovery on it. Adler v. Green, 18 W. Va. 202.
On the day of sale the property is at the place of sale and consisting principally of household furniture and ornaments in different rooms of the house, and the officer goes through those rooms, has the property in his presence and power, and the execution-debtor does not interfere or prevent a sale of the property; this is such a delivery of the property, as discharges the obligors in the bond from responsibility, notwithstanding the fact that the execution-debtor may claim that a portion of the property is exempt from forced sale under the exemption-laws, and third parties may claim a portion of it as their property. Adler v. Green, 18 W. Va. 202.
Judgment on a forthcoming bond ought not to be relieved against, in equity, because the bond was forfeited, by a slave having run away, who by the condition, was to be forthcoming. Cole v. Fenwick, Gilmer 134.
A partial delivery of the goods mentioned in the condition of a forthcoming bond, is not a performance, and the penalty becomes forfeited. But if the sheriff secure and sell what is so delivered, the amount must be credited to the obligor. Pleasants v. Lewis, 1 Wash. 274.
If the forthcoming bond be not forfeited at the time when the injunction issues, the penalty is saved; but it is otherwise, if the bond be forfeited before the injunction issues. Wilson v. Stevenson, 2 Call 213.
*539 Tiie right to move on a forthcoming- bond is not suspended by a supersedeas to the original judgment. Spencer v. Pilcher, 10 Leigh 490.
A forthcoming bond dated the 1st day of November 1834, being conditioned for the delivery of the property “on the third Monday of November next,” it is contended that there could be no breach of the condition until the third Monday in November 1835. Held by the court of appeals (construing the instrument according to the subject-matter and the evident meaning of the parties) that the day for the delivery of the property was the third Monday of November 1834. Spencer v. Pilcher, 10 Leigh 490.
4. Actions on Bond.
a. In General. — No formal issue need be joined on a motion on a forthcoming bond, as the pleading may be ore terms, and the court may pronounce judgment on the evidence. M’Kinster v. Garrott, 3 Rand. 554.
An amendment of the return made by an officer on a notice, does not permit him in anywise to change or amend the notice itself; and if he does, the changed or amended notice is a nullity. White v. Sydenstricker, 6 W. Va. 46.
A notice of motion for judgment on an undertaking, in which a blank is left for the day on which the motion will be made, and a blank for the name of the party who will make the motion; the name of the party to whom the undertaking is given, and to whom the money is to be paid, being signed at the foot of the notice, as the person giving the same, ¡is sufficient. White v. Sydenstricker, 6 W. Va. 46.
Although the judgment on a forthcoming bond should be rendered for a larger sum than that due by the execution, yet if the execution is not made part of the record by bill of exceptions, nor any objection made in the court below, such objection cannot be sustained in the court of appeals. Burke v. Levy, 1 Rand. 1.
Executors may maintain an action of debt upon a three month’s replevy bond payable to their testator. Booker v. M’Roberts, 1 Call 243.
An action of debt may be brought upon a defective forthcoming bond, even after an unsuccessful motion had been made on it. Hewlett v. Chamberlayne, 1 Wash. 367.
In a judgment on a forthcoming bond, if the record States that the cause was continued until the next day, but does not mention that the defendant was called, it is not error, if the defendant, on the day of the judgment, prays an appeal, and gives bond, in court, to prosecute it. Wilkinson v. Hendrick, 5 Call 12.
Though the forthcoming bond be left at the clerk’s office before it is forfeited, yet, if the property is not produced on the day of sale, the officer may have the clerk endorse it as filed in the office after the day of sale, andlt will operate as a judgment, and as if actually returned to the office after the day of sale. Central Land Co. of W. Va. v. Calhoun, 16 W. Va. 361.
Evidence — Officer's Return. — A sheriff’s or other officer’s return upon a forthcoming bond is not conclusive, but only prima facie evidence of its truth. But a forthcoming bond, which provides for the delivery of the property on a day different from the day of sale fixed in the bond, is not a good statutory bond; and the sheriff’s, or other officer’s return of “forfeited,” on such bond is not even prima facie evidence of the truth thereof. Such a bond, though not good as a statutory bond, is good as a common-law bond, if there is no other obj ection to it. Adler v. Green, 18 W. Va. 201: Wallace v. McCarty, 8 W. Va. 193.
A sheriff’s return maybe contradicted by evidence aliunde; in which case the sheriff .himself would be a competent witness to prove its truth. But after judgment by default, a party cannot object in an appellate court, to the truth of the return. Cunningham v. Mitchell, 4 Rand. 189.
A motion on a forthcoming bond can only be made on the date to which the notice is given, unless the defendant be called, and the motion entered and continued. Parker v. Pitts, 1 Hen. & M. 4.
On a joint notice to all the obligors in a forthcoming bond, the plaintiff may take judgment against one of the defendants. Glassel v. Delima, 2 Call 368.
A ji.fa. is directed to the sheriff of Campbell, but is delivered to and levied by the sergeant of Lynch-burg, who takes a forthcoming bond upon it, reciting that the writ had been directed to the sergeant. Held, the writ gave no authority to the sergeant, and no warrant to him to take the forthcoming bond, and that the bond is variant from the execution and therefore the bond ought to be quashed. It is competent to the obligors in a forthcoming bond to move to quash it for irregularity. Couch v. Miller, 2 Leigh 545.
Upon a motion to quash a forthcoming bond, for defects apparent on the face of the execution on which it was taken, an appellate court will regard the execution as part of the record, though not made so by any express order to that effect. Couch v. Miller, 2 Leigh 545.
A notice upon a forfeited forthcoming bond, given to a regular term of a court which the judge fails to attend, is sufficient to authorize an award of execution on the bond, at a special term. Wootten v. Bragg, 1 Gratt. 1.
Even after execution has been awarded on a forthcoming bond, the bond may be quashed on the motion of the creditor, to enable him to have execution on the original judgment, if the case be one in which the execution on the forthcoming bond has proved unavailing, without any default of the creditor. Garland v. Lynch, 1 Rob. 545.
A judgment on a forthcoming bond, instead of awarding execution thereon, is that the plaintiff recover a debt against the defendant. Held, though irregular in form this is substantially right. Harpers v. Patton, 1 Leigh 306.
Where there is a material variance between a forthcoming bond and the execution upon which it is taken, the bond should be quashed. But where the forthcoming bond in its condition recites that the amount due on the execution with the fee for taking the bond and the sheriff’s commissions is larger than is in fact due, this is not a variance for which the bond will be quashed, but judgment should be rendered for the actual amount due. Holt v. Lynch, 18 W. Va. 567.
Where non est factum is pleaded to a motion on a forthcoming bond, the court may render judgment without the intervention of a jury; or they may empannel a jury to try the issue at its discretion. Burke v. Levy, 1 Rand. 1.
A writ of Herí facias against an administratrix, “to be levied, as to certain damages and costs, of the goods and chattels of her intestate, and as to other damages and costs of her own goods and chattels,” was returned “executed on certain slaves the property of the administratrix, and a forthcoming bond taken,” &c. The bond being given by the adminis-tratrix, eo nomine, but expressing that the fi. fa. was *540 against the goods and chattels of the said adminis-tratrix, was decided to he variant from the H. fa. and therefore quashed. Glascock v. Dawson, 1 Munf. 605.
The act of May 28, 1870, entitled an act to prevent the sacrifice of property at forced sales, acts of 1869-70, ch. 120, p. 162, does not require three months’ notice of a motion on a forthcoming bond, where the hond was forfeited before the passage of the act. Goolsby v. Strother, 21 Gratt. 107.
b. On Appeal. — An appellate court will not reverse the judgment of an inferior court, overruling a motion to quash an undertaking or forthcoming bond made to the sheriff, simply because it appears that the undertaking was executed after the return day of the writ of fieri facias. Harwood v. Creel, 8 W. Va. 579.
In reviewing a judgment by default on a forthcoming bond, the appellate court will compare it with the execution on which it was taken. Glascock v. Dawson, 1 Munf. 605.
A. B. & C. execute a forthcoming bond, to release the goods of A. taken in execution. C. pays the debt, and moves against B. as a principal in the bond. There is nothing in the bond to show whether B. was principal or surety. B. contends that he was only a surety jointly with C. The court below gives judgment for C. on the motion. No evidence is in the record to show whether B. was surety or principal. The judgment was affirmed in this court, as it will be presumed, that the court below had evidence before them, that B. was a principal and not a surety. Cunningham v. Mitchell, 4 Rand. 189.
If a supersedeas to,a judgment (execution being levied, and a forthcoming bond taken), be issued before the day of sale; and thereupon, the property be not forthcoming; the penalty of the bond is saved, and no motion lies upon it. Rucker v. Harrison, 6 Munf. 181.
In a motion on a forthcoming bond, the defendant is not allowed to prove that the execution issued against another person of the same name who is now dead. Downman v. Downman, 2 Call 508.
One forthcoming bond may be taken on several executions, Winston v. Com., 2 Call 290.
Where a judgment upon a forthcoming bond is obtained against a defendant, having legal notice, and appearing by attorney, but not moving to quash the bond, nor stating by plea or bill of exceptions, any variance between it and the execution, the appellate court is not to reverse the judgment on the ground of such variance. Bronaughs v. Freeman, 2 Munf. 266.
A forthcoming bond, being inserted in the transcript of the record, is to be taken as the bond on which the court gave judgment, without any certificate by the clerk to that effect.
If a judgment quashing a forthcoming bond be reversed, the appellate court will not proceed to give judgment for the plaintiff, unless it regularly appear that the defendants had legal notice of the motion, or appeared to oppose it. If, therefore, there be no bill of exceptions, making the notice, stated in the record, a part thereof, and it does not appear by the judgment itself, that the defendants had legal notice, or appeared in the court below, the cause should be sent back, to give the plaintiff an opportunity to prove his notice, and the defendants to make any defence thereto, which their case may admit of, according to law. Beale v. Wilson, 4 Munf. 380.
5. Effect of Bond. — An execution lien upon the property of a debtor is not released by his giving a forthcoming bond, but continues until such bond is forfeited. Lusk v. Ramsay, 3 Munf. 417.
If a forthcoming bond be quashed, the lien of the execution prevails. Rhea v. Preston, 75 Va. 757.
A forfeited forthcoming bond stands as a security for the debt, and while in force no execution can be taken out, or other proceedings be had at law, to enforce the original judgment; such forfeiture of the bond has the effect of a judgment. Yet, even where forfeited, the bond is merely a suspension and not an absolute satisfaction of the judgment; for if it be faulty on its face, or the security when taken be insufficient, or the obligors, though solvent when the bond is taken, become insolvent afterwards, the plaintiff may for these or other good reasons, on his motion, have the bond quashed and be restored to his original judgment. Rhea v. Preston, 75 Va. 757; Taylor v. Dundass, 1 wash. 92; Puryear v. Taylor, 12 Gratt. 408; Downman v. Chinn, 2 Wash. 189; Lusk v. Ramsay, 3 Munf. 417; Trevillian v. Guerrant, 31 Gratt. 528; Randolph v. Randolph, 3 Rand. 490; Irvin v. Eldridge, 1 Wash. 161; Jones v. Myrick, 8 Gratt. 179; Frayser v. R. & A. R. Co., 81 Va. 393.
Until the forthcoming bond be forfeited there is no satisfaction of the execution. Cooke v. Piles, 2 Munf. 153; Lusk v. Ramsay, 3 Munf. 417.
Neither is there a satisfaction where the bond, though forfeited, is invalid. Rhea v. Preston, 75 Va. 757.
A forthcoming bond forfeited has the force of a judgment so as to create a lien upon the lands of the obligors, only from the time the bond is returned to the clerk’s office. And there being no evidence that the bond was returned to the clerk’s office before the day on which there was an award of execution thereon by the court, it will be regarded as having been returned to the office on that day. Jones v. Myrick, 8 Gratt. 179.
If a forthcoming bond be delivered, by the sheriff to the plaintiff, before notice thereupon be given to the defendants, execution may be awarded upon it, though it has not been filed in the clerk’s office. Eppes v. Colley, 2 Munf. 523.
Though a forthcoming bond is forfeited, and not quashed, yet in equity the lien of the original judgment still exists; and if the obligors in the bond prove insolvent, so that the debt is not paid, a court of law will quash the bond so as to revive the lien of the original judgment. And a court of equity, having jurisdiction of the subject, will treat the bond as a nullity, and proceed to give such relief as the creditor is entitled to under his original judgment. Jones v. Myrick, 8 Gratt. 180.
A sheriff or other officer levying a writ of fieri facias takes a forthcoming bond, and the property therein named is delivered upon the day ofisale, but for the want of bidders is not sold, he can take another forthcoming bond under the statute. But a sheriff or other officer, who takes a second forthcoming bond for the property included in the first bond, is estopped from denying that the property was delivered in performance of the condition of the first bond. Adler v. Green, 18 W. Va. 201.
VII. DISCHARGE AND SATISFACTION.
A. By Levy on Corporeal Property. — A levy on sufficient personal property to satisfy the execution, is prima facie a satisfaction and discharge of the judgment. Taylor v. Dundass, 1 Wash. 95; Bullitt v. Winstons, 1 Munf. 282; McKenzie v. Wiley, 27 W. Va. 658; Sherman v. Shaver, 75 Va.
*541 This presumption of satisfaction from levy may, however, he rehutted, hy showing- that it was not so treated hy the creditor, and occasioned no loss to the debtor; though to the extent of the latter's loss the levy is conclusively a satisfaction. Com. v. Byrne, 20 Gratt. 207; Walker v. Com., 18 Gratt. 47; Rhea v. Preston, 75 Va. 758.
The prima facie satisfaction resulting from levy, becomes absolute if the property he wasted or lost hy reason of the fault or neglect of the officer, and the plaintiff must, in such case, seek his remedy against the officer. Walker v. Com., 18 Gratt. 47; Harman v. Oberdorfer, 33 Gratt. 497; Sherman v. Shaver, 75 Va. 1.
Where the property levied on is left with the debtor and the levy abandoned, the lien is discharged, and other creditors may resort to such property in like manner as if no execution has issued. Rhea v. Preston, 75 Va. 758.
Where the defendant eloignes or removes the property out of the reach of the officer, without the consent of either him or the plaintiff, there is no satisfaction. Neither is there a satisfaction if the property is restored or abandoned at the request of the defendant. Walker v. Com., 18 Gratt. 45.
B. Satisfaction in Pavor of Third Person. — In Baird v. Rice, 1 Call 18, 1 Am. Dec. 497, a judgment had been recovered against a principal debtor and his surety; the execution issuing thereon was levied on the property of the principal; the plaintiff, on receiving part of the money, gave the execution debtor further time, and ordered the officer to restore the goods to him. Held, by this procedure the judgment was discharged at law, and the surety, not having acquiesced in the agreement for further time, was discharged in equity. See also, Bullitt v. Winstons, 1 Munf. 269; McKenzie v. Wiley, 27 W. Va. 658; Gatewood v. Goode, 23 Gratt. 880.
But a mere countermand of an execution by a creditor after it goes into the hands of the sheriff, but before it is levied, does not release a surety of the execution debtor. Humphrey v. Hitt, 6 Gratt. 509, 52 Am. Dec. 133; Knight v. Charter, 22 W. Va. 422; Ambler v. Reach, 15 W. Va. 677.
Neither does the release of the levy of an execution upon property of surety release his co-surety, as they are joint principals as respects each other and the principals. Alexander v. Byrd, 85 Va. 690, 8 S. 33. Rep. 577.
C. By Payment.
1. To Attorney — In Harper v. Harvey, 4 W. Va. 541, the court said: “The payment of a judgment or decree to the attorney of record, who obtained it, before his authority is revoked, and due notice of such revocation given to the defendant, is valid and binding on the plaintiff so far as the defendant is concerned. Yoakum v. Tilden, 3 W. Va. 167. But it must be a payment of money, or if not a payment of money, it mnst be accepted by the plaintiff as money or the attorney mnst have special authority to receive it. Smock v. Dade, 5 Rand. 639.” See also, Pidgeon v. Williams. 21 Gratt. 251; Johnson v. Gibbons, 27 Gratt. 637; Hill V. Bowyer, 18 Gratt. 364; Smith v. Lamberts, 7 Gratt. 141; Evans v. Greenhow, 15 Gratt. 159; Kent v. Chapman, 18 W. Va. 485; Gilkeson v. Smith, 15 W. Va. 44; Low v. Settle, 22 W. Va. 387.
2. By Third Persons. — A sheriff may purchase a debt, in his hands for collection by execution, if he act bona fide. The creditor holds the title, and he may transfer it to whom he will, and it makes no difference that the advance is made at the instance of the debtor, provided there is no intention to extinguish the debt, and the judgment is assigned as a continuing security. Rhea v. Preston, 75 Va. 757; Hall v. Taylor, 18 W. Va. 544; Beard v. Arbuckle. 19 W. Va. 135; Neely v. Jones, 16 W. Va. 625, 37 Am. Rep. 794.
Subrogation. — A sheriff or other officer, who pays an execution in his hands for collection, without an assignment at the time, of the judgment on which it is founded, or the debt, is not entitled to be subro-gated to the lien of the creditor whose debt he has paid, as against other creditors having liens by judgment or otherwise. Clevinger v. Miller, 27 Gratt. 740; Kendrick v. Forney, 22 Gratt. 748; Beard v. Arbuckle, 19 W. Va. 135.
3. Time of Payment. — A sheriff or other officer has no authority to receive payment under an execution after the return day thereof, unless the execution has been previously levied. Such payment would not bind the creditor; nor would it impose any liability upon the sureties of the sheriff in his official bond. Grandstaff v. Ridgely, 30 Gratt. 1; O'Bannon v. Saunders, 24 Gratt. 138; Chapman v. Harrison, 4 Rand. 336; Cockerell v. Nichols, 8 W. Va. 159.
Where it does not appear from the evidence that the execution was levied by the sheriff before the return day thereof had passed, a payment made to the sheriff upon such execution, after such return day had passed, is not binding upon the creditor, unless it appears that such payment was made to the sheriff by the direction or consent of the debtor. Cockerell v. Nichols, 8 W. Va. 159.
VIII. RELIEF AGAINST EXECUTION.
Though an execution is sued out irregularly and unlawfully, it is not void, but at most only voidable. Until it is avoided it must be regarded as a valid execution, and cannot be avoided by plea or proof in a collateral suit. Beale v. Botetourt, 10 Gratt. 281.
A. notion to Quash.
i. In General. — it was held in Lowther v. Davis, 33 W Va. 132,10 S. E. Rep. 20, that a motion to quash is the proper remedy where an execution has been issued without authority of law. See also, Taylor v. Dundass, 1 Wash. 94; Downment v. Chinn, 2 Wash. 189.
In Hamilton v. Shrewsbury, 4 Rand. 427, there is a dictum to the effect that, where the sale, under a valid execution, is void, on account of the interest or improper conduct of the sheriff, the court from which the execution issued, may correct such abuse of its own process, by quashing the execution. See also, Hendricks v. Dundass, 2 Wash. 50.
Where an execution is issued by the clerk, who has no authority to do so, the court may quash the execution. Shackelford v. Apperson, 6 Gratt. 451.
In State v. Brookover, 38 W. Va. 141, 18 S. E. Rep. 476. it was held that an execution issued upon a judgment after two years from its rendition, without an order of court allowing its issuance, is properly quashed.
Upon a motion to quash a second execution in vacation, the judge may, in vacation, allow the sheriff to amend his return on the first execution. Walker v. Com., 18 Gratt 51; Bullitt v. Winstons, 1 Mnnf. 269.
If on a motion to quash an execution, the relief of the party depends upon a matter of fact, the court has a discretion to direct a jury to try the facts. Smock v. Dade, 5 Rand. 639, 16 Am. Dec. 780.
*542 A tender of money in payment of a judgment, will not authorize the quashing an execution issued thereon, unless the tender is followed hy the payment of the money into court, and a motion to enter satisfaction on the record. Shumaker v. Nichols, 6 Gratt. 592.
2. After Payment of Judgment. — Where a judgment had "been paid before an execution thereon has been issued, it is proper to quash such execution upon motion. Hall v. Taylor, 18 W. Va. 544; Howell v. Thomason, 34 W. Va. 794, 12 S. E. Rep. 1088; Smock v. Dade, 5 Rand. 639, 16 Am. Dec. 780; Crawford v. Thurmond, 3 Leigh 85.
3. When Judgment Set Aside. — When a judgment is set aside, the execution which issued upon it falls with it, without any express order to quash the execution. Ballard v. Whitlock, 18 Gratt. 235.
4. In Equity. — The courts of chancery may quash executions irregularly sued out on their decrees, and forthcoming bonds taken under them, on motion made on notice, in a summary way. Windrum v. Parker, 2 Leigh 361: Snavely v. Harkrader, 30 Gratt. 492.
5. Notice of Motion. — The motion to quash, as provided by statute, must be “after reasonable notice,” and such notice, whatever may be the ground on which the notice is based, does not of itself suspend the execution of the writ. Snavely v. Harkrader, 30 Gratt. 492.'
It was held in Ballard v. Whitlock, 18 Gratt. 235, that, where the defendants being present by their counsel when the motion to quash an execution was made, they had reasonable notice of such motion.
In Reinhard v. Baker, 13 W. Va. 805, it was held that the length of notice of a motion -to quash an execution, is a reasonable time, to be judged by the circumstances of each case; and that such motion maybe made either by the plaintiff or defendant in the execution, and after the return day of the execution. See also, Hendricks v. Dundass, 2 Wash. 50.
6. Parties to Motion. — A motion to quash a writ of execution must be made in the name of the party on the record, and must be against the other party on the record; a stranger to the writ can only make the motion in the name of a legal party to the process. Wallop v. Scarburgh, 5 Gratt. 1.
7. Time When Motion Must Be Made. — The motion to quash the execution need notnecessarily be made before the writ has been returned, but may as well be made after the return. Beale v. Botetourt, 10 Gratt. 278; Hendricks v. Dundass, 2 Wash. 50; Taylor v. Dundass, 1 Wash. 92; Reinhard v. Baker, 13 W. Va. 805.
If, however, the writ has been returned nulla bona, a motion to quash will not lie. Beale v. Botetourt, 10 Gratt. 278.
In Reinhard v. Baker, 13 W. Va. 805, it was held, that if the money made by the sale of the property is still in the sheriff’s hands, the writ may be quashed.
8. On Appeal. — An appeal from or supersedeas to, an order quashing an execution against two defendants, need not, if one of them die, be revived against his personal representative, but should be proceeded on as to the other only. Bullitt v. Winstons, 1 Munf. 269.
Execution is awarded on a forthcoming bond against the principal and the surety therein bound; the principal alone obtains an injunction to stay proceedings at law, which injunction is dissolved. Reid, the surety is not liable for the damages incurred by the principal for retarding the execution by an injunction; and if an execution issue against the surety as well as principal for such damages, it ought, on the surety’s motion, to be quashed. The execution should be so moulded, as to exempt the surety from the damages, and to make the principal who incurred them alone liable therefor. Garnett v. Jones, 4 Leigh 633.
A tender of money in payment of a judgment, will not authorize the quashing an execution issued thereon, unless the tender is followed by the payment of the money into court, and a motion to enter satisfaction on the record. A tender of money in payment of a0judgment, will not authorize a court of equity to stop the execution, where there is neither allegation or proof that the defendant in the execution kept the money on hand for the discharge of the judgment. Quaere: If a court of equity will interfere to arrest an execution on a judgment at law, on the ground that the money had been tendered before execution issued. Shumaker v. Nichols, 6 Gratt. 592.
A supersedeas will not lie where an execution has improperly issued upon a forthcoming bond. The injured party may move to quash the execution, and the judgment on that motion, if erroneous, may be corrected on an appeal or supersedeas. Burwell v. Anderson, 2 Wash. 194.
If the clerk of an inferior court, misconceive a judgment, and issue execution against any person not properly a party thereto, the remedy is not by supersedeas or writ of error, but by motion to quash the execution; and if such motion be overruled, an appeal may be taken to the court of error, or application may be made for a writ of error or supersedeas to *the order overruling such motion. Moss v. Moss’s Adm’r, 4 Hen. & M. 293.
B. Injunction.
i. In General. — Where an execution is irregularly issued, and the remedy by motion to quash is inadequate because of the formalities and delay incident thereto, it is competent for the judge in vacation to restrain proceedings upon it, by an injunction order. Shackelford v. Apperson, 6 Gratt. 451; Snavely v. Harkrader, 30 Gratt. 487.
It was held, in Crawford v. Thurmond, 3 Leigh 85, that where a judgment had been satisfied by payment in full, before the delivery of the execution to the sheriff, further proceedings on such execution maybe enjoined by a court of equity, though there was a remedy at law, by motion to quash. The latter remedy, under the circumstances, was not as safe and convenient as the former.
If a debtor under arrest by virtue of ca. sa. obtain an injunction against the execution, the sheriff is bound to discharge him from custody. Ross v. Poythress, 1 Wash. 120.
Equity will take jurisdiction by injunction to preserve the inheritance ; and when a mill is about to be dismantled by execution — creditors of the owner, who have levied on the fixtures attached thereto, equity will interfere to prevent it. Patton v. Moore, 16 W. Va. 428.
A defendant in an execution files a bill to enjoin the execution on the ground that a previous execution sued out on the same judgment had been levied by the sheriff on the property of another defendant in the execution, sufficient to discharge it. In such case the bill must be filed in the county in which the judgment was recovered ; and the circuit court of another county has no jurisdiction of the case. In such c ase it is not necessary that the ob j ection to the jurisdiction should be made by demurrer or plea *543 but it may "be taken at the hearing- of the canse. Beckley v. Palmer, 11 Gratt. 625.
The courts of chancery have jurisdiction in all cases where property taken in execution on behalf of the commonwealth is claimed by any person under a mortgage or deed of trust. Moore v. Auditor, 3 H. & M. 232.
Upon the dissolution of an injunction on a judgment, the damages for retarding execution by the injunction, should be computed on the aggregate of principal, interest and costs, appearing due on the judgment at the date of the injunction. And the damages should be ascertained, and the precept to levy them inserted in the body of the execution. Washington v. Parks, 6 Leigh 581.
2. Adequate Remedy at Law. — Where, however, the remedy at law is full, summary, adequate, and complete, a court of equity will not assume jurisdiction to enjoin an execution. Hall v. Taylor, 18 W. Va. 544; Howell v. Thomason, 34 W. Va. 794, 12 S. E. Rep. 1088; Morrison v. Speer, 10 Gratt. 228; Crawford v. Thurmond. 3 Leigh 85 ; Jarrell v. Eddins, 2 Pat. & H. 579.
In Shumaker v. Nichols, 6 Gratt. 592, it was held that a tender of payment of a judgment, unless followed by actual payment into court, orto the creditor, did not entitle the debtor to the right to enjoin an execution.
The trustees or cestui que trust cannot go into a court of equity to enjoin a sale of trust effects under an execution issued and levied by virtue of a subsequently acquired judgment. there being a complete and adequate remedy at law. Kuhn v. Mack, 4 W. Va. 186.
In Williamson v. Ong, 1 W. Va. 84, a judgment had been confessed in favor of the plaintiff, subject to sundry credits. Execution was issued thereon, without indorsing the credits. After levy had been made the defendant gave the plaintiff notice that he would move to quash the execution because of the variance from the judgment, occasioned by the failure to endorse the credits in the execution. Previous to the sale, however, the clerk who issued the execution endorsed the credits on it. Held, that no injury resulted to the defendant by the endorsement of the credits after issuance of the execution, and that it was error in the lower court to quash the execution for that reason.
A party claiming that he has not been credited for all the money paid by him to the sheriff, on an execution, may have any injustice done to him in that respect corrected by the court from whence the execution issued; and it is not a case for an injunction and relief in equity. Morrison v. Speer, 10 Gratt. 228.
In a case where, by virtue of an agreement between a judgment debtor and a judgment creditor, the judgment ought to be entered as satisfied, but in lieu thereof the creditor has an execution issued and levied upon the goods of the debtor, the latter cannot obtain relief by injunction in a court of equity, for the reason that he has a complete and adequate remedy at law. Howell v. Thomason, 34 W. Va. 794, 12 S. E. Rep. 1088.
Where the debtor in an execution objects that a previous execution has been levied by the sheriff upon sufficient property to satisfy the judgment, and that he has improperly misapplied the proceeds of the sale of the property, or if he insists that payment has been made to the sheriff which has not been credited on the execution, if he has an opportunity to apply to the court of law from which the execution issued, for redress, he has no right to come into-equity for relief. Beckley v. Palmer, 11 Gratt. 625.
3. In Favor of Strangers.
a. General Rule. — -Generally a stranger, whose property has been or is threatened to be wrongfully levied upon, has a complete and adequate remedy at law, and hence is not entitled to an injunction. Bowyer v. Creigh, 3 Rand. 25; Baker v. Rinehard, 11 W. Va. 238; White v. Stender, 24 W. Va. 615; Dunn v. Baxter, 30 W. Va. 672, 5 S. E. Rep. 214; Allen v. Freeland, 3 Rand. 170; Rollins v. Hess, 27 W. Va. 570.
b. Qualifications. —Where, however, the remedy at law is inadequate, owing to the nature of the property or other peculiar circumstances, an injunction will be allowed. Bowyer v. Creigh, 3 Rand. 25; Allen v. Freeland, 3 Rand. 170; Kelly v. Scott, 5 Gratt. 479; Sims v. Harrison, 4 Leigh 346; Randolph v. Randolph, 6 Rand. 194; Green v. Phillips, 26 Gratt. 752; McMillan v. Ferrell, 7 W. Va. 223; Walker v. Hunt, 2 W. Va. 491; Patton v. Moore, 16 W. Va. 428; Wilson v. Butler, 3 Munf. 559; McFarland v. Dilly, 5 W. Va. 135.
C. Writ of Error. — Upon an appeal, from the judgment of an inferior court, errors in the execution or replevy bond, issued or taken after the judgment, will not be noticed. They are merely ministerial acts, and must be corrected in the same court upon motion; and if, on such motion, that court give an erroneous opinion, the party injured may then appeal and have it corrected in the appellate court. Leftwitch v. Stovall, 1 Wash. 306; Moss v. Moss, 4 H. & M. 314.
An execution of an inferior court used as evidence upon the trial of the cause, will be regarded by the appellate court as part of the record without cer-tiorari. Preston v. Auditor, 1 Call 471.
The writ of supersedeas stays the proceedings in the state they were when it was allowed, and, therefore, when the execution of a judgment is suspended for a given time, and no supersedeas is allowed until after the expiration thereof, and an execution is sued out and possession of property delivered to the plaintiff, no writ of restitution will be awarded until the cause is decided. Kreglo v. Fulk, 3 W. Va. 74.
D. Audita Querela. — The audita querela is entirely superseded, in the Virginia practice, by the proceeding by motion to quash, as the latter is the cheaper and more convenient mode. Windrum v. Parker, 2 Leigh 367; Smock v. Dade, 5 Rand. 644.
IX. SALE UNDER EXECUTION.
The third and last step after the issuance of the execution, is the sale of the property. Then and not until then, the plaintiff may be said to have gotten to the end of his suit, at least as far as the defendant is concerned, and to the extent of the value of the property. Walker v. Com., 18 Gratt. 43; Rhea v. Preston, 75 Va. 757.
A. When Valid, Though Irregular. — A sale of property under an execution, by the sheriff, is bona Me, though irregular; and the purchaser leaves the property with the debtor in the execution. Held, the sale is valid, and the property is not liable to the creditors of the debtor in execution. Irregularities in the sale, if any, did not affect the validity thereof, the same having been acquiesced in by both the plaintiff and the defendant in the execution. Carr v. Glasscock, 3 Gratt. 354.
If the sale, under a valid execution, is void on account of the interest or improper conduct of the sheriff, the court may quash the execution. But a fair purchaser under a sheriff’s sale, without knowledge of any improper conduct on the part of the offi *544 cer, acquires a valid title to the property purchased, and the remedy of the injured party is hy action of law, for damages, against the sheriff. Hamilton v. Shrewsbury, 4 Rand. 427.
where land sold under a judicial decree contained hut 89 acres instead of 90 as described in the deed, it was held, upon objection by the purchaser, that, as it was a sale in gross, and not by the acre, the purchaser was not entitled to an abatement of the purchase money. Jones v. Tatum, 19 Gratt. 720.
A deed from a sheriff, which conveys all “the right, title and interest, vested in the sheriff by law, in and to eight negroes, conveyed by a debtor to his children,” without naming the negroes, is sufficiently descriptive to pass them. The identity of the negroes is matter of proof, and as soon as they are identified, the deed operates on them. Shirley v. Long, 6 Rand. 736.
B. When Property Sold Left with Debtor. — A pur-haser of property sold under an execution, leaves it in the possession of the original owner, but possession thereof is taken by the administrator of the purchaser before creditors have acquired a specific lien thereon by judgment and execution. Held, it is not liable to the original owner’s debts. Carr v. Glasscock, 3 Gratt. 343.
C. Sale Delayed by Plaintiff. — A plaintiff by directing the sheriff to put off the sale of property taken in execution, to a day after the return day, and to allow the property to remain in the possession of the debtor, releases the latter’s sureties altogether, from that or any subsequent execution, — such direction being without their concurrence. Bullitt v. Winstons, 1 Munf. 269.
D. Sale of Equity of Redemption. — At a sale by the sheriff of an equity of redemption surrendered by a debtor in execution, the whole amount of the debt secured by the deed of trust on the land, is stated to be due, when in fact the debtor is entitled to a credit thereon. In a suit by the insolvent debtor setting up such claim, the creditor in the execution is a necessary party. Tiffany v. Kent, 2 Gratt. 231.
In selling an equity of redemption, the sale will be out and out — not of a moiety only, but the whole; and as between lands aliened, the whole of the tract aliened last will be sold before any part of the tract aliened first; the sales stopping when the debt has been satisfied, or when lands have been sold equal to half the aggregate value of the whole lands. M’Clung v. Beirne, 10 Leigh 394, 34 Am. Dec. 739.
E. Sale under Second of Two Executions. — Whilst on the one hand, where an officer holding two executions sells under the second, the title of the purchaser is good against the plaintiff in the first, and the remedy of the latter is against the officer, so on the other hand the purchaser at such sale cannot invoke the lien of the first execution, in aid of a title acquired at a sale made under the second. Therefore, where a slave was levied upon under a fi. fa. delivered to a constable before any conveyance of the slave by the debtor, and other executions issued after such conveyance, under which (and not under the first fi. fa.) the evidence tended to prove that' the slave was sold, it was held, in an action brought by the grantee in the conveyance against the purchaser at the sale, that the title of the purchaser must be referred to the process under which the sale was made. Eckhols v. Graham & Others, 1 Call 492; M’Key v. Garth, 2 Rob. 33, 40 Am. Dec. 725.
F. Statutes Regulating Sales. — The act of May 28, 1870, sep. acts 1869-70, p. 162, to prevent the sacrifice of personal property at forced sales, which requires the officer selling personal property, for a debt contracted before the 10th of April 1865, when required by the debtor, to sell upon a credit of twelve months, is not unconstitutional, as impairing the obligation of the contract, or as being in violation of sec. 4, article 11, of the state constitution, prohibiting the enactment of a stay law. The bonds taken at sales under this act are in the nature of forthcoming bonds; and the creditor is not bound to receive them as so much paid on his debt. Garland v. Brown, 23 Gratt. 173.
The act of the 19th of Jan. 1802, (Rev. Code, vol. 1, c. 295, p. 425) which authorizes clerks of courts to issue writs of venditioni exponas in certain cases, is prospective only, in its operation, and consequently does not extend to cases existing before it was passed. Com. v. Hewitt, 2 Hen. & M. 181.
A party may, without any previous notice, move the court to direct an execution to be issued, (where the clerk refuses to issue one,) or to quash as execution; and it will be so far considered a cause depending, that either party may appeal from the decision of the court on such motion. Com. v. Hewitt, 2 Hen. & M. 181.
G. Caveat Emptor. — Purchasers at an execution sale are bound to take notice of all errors apparent on the record, and are chargeable with notice as to whether the proper persons were parties to the suit. Lamar v. Hale, 79 Va. 147; Hall v. Hall, 30 W. Va. 779, 5 S. E. Rep. 260.
H. Purchase by Officer at His Own Sale. — A sale by a sheriff will be vacated, if he raises doubts, or makes impressions unfavorable to a fair sale, and then buys the property at an under rate. Carter v. Harris, 4 Rand. 199.
I. When Sale Enjoined. — Where the sheriff in levying an execution takes property of a third person, equity will enjoin the sale of such property, under the execution. Whitton v. Terry, 6 Leigh 189.
K. Sale of Debtor’s Unascertained Interest. — A sale by the sheriff of the interest of an execution debtor in an estate, before it is ascertained, is void; and the purchaser, if he took possession of the property, will be liable for the rents, hires and other profits of the property, and for the value of such of it as he has sold or otherwise converted to his own . use, or has beenlost by his act orwilful neglect: and he will be entitled to be reimbursed for the amount paid by him to the sheriff for the property. Penn v. Spencer, 17 Gratt. 85, 91 Am. Dec. 375; Clough v. Thompson, 7 Gratt. 33; Guerrant v. Anderson, 4 Rand. 208.
L. Distringas against Sheriff’s Executors. — In Harrison v. Tomkins, 1 Call 295, it was held that no dis-tringas lies against the executors of a sheriff to oblige them to sell property taken by him in his lifetime, under a writ of fieri facias.
X. LIABILITY OF OFFICER.
A. Where Levy Is Hade. — When an execution has been placed in the hands of an officer, in the absence of evidence that he did not levy it, he and his sureties will be liable for the debt to the creditor. O’Bannon v. Saunders, 24 Gratt. 138; Chapman v. Harrison, 4 Rand. 336; Ballard v. Thomas, 19 Gratt. 24; Tyree v. Wilson. 9 Gratt. 61; Grandstaff v. Ridgely, 30 Gratt. 15; Paine v. Tutwiler, 27 Gratt. 444.
B. For Failure to Levy. — If an officer fails to levy an execution when he might do it, he and his sureties are liable for the debt. O’Bannon v. Saunders, 24 Gratt. 138.
In Huffman v. Leffell, 32 Gratt. 41, where the officer failed to levy on property claimed by the debtor as *545 homestead, before an indemnifying- bond which he demanded from the creditor was given, by reason ■of which the debt was lost, it was held that the officer was excusable for not levying, and hence not liable.
But see. Sage v. Dickinson, 33 Gratt. 361, where the facts were similar to those in the above case of Huffman v. Lefiell, 32 Gratt. 41, except that the property levied on was released, and no indemnifying bond was demanded or required by the officer; here he was held liable for the loss of the debt.
C. For Levy on Wrong Property. — If a deed of trust be fair and the sale under it be fair also, a sheriff who levies an execution, (issued against the goods and chattels of the debtor in the deed,) on the property so fairly sold and in the possession of the purchaser. is a trespasser, and an action will lie against him. Claytor v. Anthony, 6 Rand. 285; Sangster v. Com., 17 Gratt. 124; Garrett v. Hutchison, 86 Va. 872, 11 S. E. Rep. 406.
D. Fine for Not Returning Execution. — in Bierne v. Mann, 5 Leigh 364. a sheriif was fined for failure to make return of an execution, and it was held that equity will not assume jurisdiction to relieve the officer and his sureties from liability on the fine. See also. McDowell v. Burwell, 4 Rand. 317; Fletcher v. Chapman, 2 Leigh 560.
If the sheriff neglects to return an execution, at the request of the plaintiff, he is not liable to a fine. Bullock v. Goodall, 3 Call 14.
E. Indemnifying Bond. — According to statute, the officer may, before levy of an execution, demand of the creditor an indemnifying bond, where any doubt arises as to the right to levy. This bond is conditioned to indemnify the officer or any claimant against all damages which may be sustained by reason of the levy, and also to warrant and defend to any purchaser of the property such estate as is sold. Davis v. Davis, 2 Gratt. 363; Dabney v. Catlett, 12 Leigh 383; Aylett v. Roane, 1 Gratt. 284; Hewlett v. Chamberlayne, 1 Wash. 367: McClunn v. Steel, 2 Va. Cas. 256: Johnstons v. Meriwether, 3 Call 523; Crawford v. Jarrett, 2 Leigh 630; Stone v. Pointer, 5 Munf. 290.
F. For Non-Payment. — A county creditor provided for in the levy of an execution, is not bound to apply to the sheriff or his deputies for payment, before he proceeds to enforce payment of his debt by the sheriff and his sureties. But when the plaintiff in execution does not reside in the same county, with the sheriff, there must be a demand of payment, before an action can be maintained on the sheriff's official bond. Ballard v. Thomas, 19 Gratt. 14; Grandstaff v. Ridgely, 30 Gratt. 1; Tyree v. Donnally, 9 Gratt. 64.
It seems that since the attorney at law, who prosecutes a suit and obtains judgment, has full power to receive the money recovered when levied by execution. a demand made by him of the sheriff by whom it is levied, is sufficient to authorize a motion against such sheriif for non-payment. Wilson v. Stokes, 4 Munf. 455.
XI. SUPPLEHBNTARY PROCEEDINGS.
A. By Statute. — The power given by section 4, chapter 218 of the Acts of 1872-3. to the commissioner to attach a defendant, who refuses to answer the interrogatories propounded to him as provided, therein, is constitutional. And the act authorizing courts to appoint commissioners in chancery is constitutional. Lewis v. Rosler, 19 W. Va. 61.
B. Order for Payment or Delivery of Property.— Under the fifth section of chapter 141 of the Code a commissioner may in the manner prescribed by that section compel the debtor to convey his real estate lying out of this state to satisfy the creditor’s judgment: but he is not authorized to compel the debtor to execute an assignment of his chose in action for such purpose. Spang v. Robinson, 24 W. Va. 327.
C. Writ of Capias Pro Fine. — The common-law writ of capias pro fine is unrepealed, and may be used by the Commonwealth. Where there is a judgment in favour of the Commonwealth for a fine and costs of prosecution, the writ may issue tor the fine and the costs; but where the judgment is for the costs without a fine, the writ is not a proper process to enforce the judgment. Where a party is imprisoned upon a capiaspro fine for a fine and costs, he can only obtain his discharge from imprisonment by paying the fine and costs. Commonwealth v. Webster, 8 Gratt. 702.
XII. EXECUTION AGAINST THE PERSON.
A. Priorities. — Several creditors recover j ndgments against N., and sue out writs of ca. sa. upon which he is takenand charged in execution; then F. recovers judgment against the same debtor, and sues out elegit on which his lands are extended, and a moiety delivered to F., and then the debtor is regularly discharged from custody under the writs of ca. sa. as an insolvent debtor, putting into his schedule the whole of lands which had been extended under F’s elegit. Held, the lien of the writs of ca. sa. executed, given by the statute, 1 Rev. Code, ch. 134, § 10, does not overreach and avoid the extent under F’s elegit. Foreman v. Loyd, 2 Leigh 284, overruling Jackson v. Heiskell, 1 Leigh 257.
Where after the rendition of the judgment but before the ca. sa. was executed, mortgages were executed by the debtor to secure debts toother creditors, it is held that the judgment lien was destroyed by the actual service of the ca. sa., and the mortgagees were entitled to precedence. Rogers v. Marshall, 4 Leigh 425.
On a judgment against several, the service of a ca. sa. on one, and the execution and forfeiture of a forthcoming bond by him, does not extinguish the lien of the judgment upon the land of the others. Leake v. Ferguson, 2 Gratt. 419.
B. Title to Property. — Upon the taking of the insolvent debtor’s oath, the land of the insolvent vests in the sheriff of the county where the land lies, without any deed from the insolvent; and a deed from him attempting to convey it to the sheriff of another county is inoperative. Ruffners v. Lewis, 7 Leigh 720; Syrus v. Allison, 2 Rob. 200.
An endorsement of the name of the sheriif on the bond before action brought, is a sufficient assignment thereof; and the action maybe maintained by the creditor as assignee, without writing out the assignment; or the assignment may be written out in the progress of the trial after the j ury is sworn. McGuire v. Pierce, 9 Gratt. 167.
C. Alias and Pluries Executions. — if a debtor be arrested on a ca. sa. and discharged by order of the creditor or his agent, no other execution can be had on the same judgment or decree. But if a debtor in custody under a ca. sa. be permitted to escape, the creditor is entitled to another execution against the debtor as well as to an action against the sheriif for the escape. Windrum v. Parker, 2 Leigh 361; Noyes v. Cooper, 5 Leigh 186: Fawkes v. Davison, 8 Leigh 554.
*546 A writ which purports to he a pluries capias, hut which is without date, and is not attested hy the clerk, is wholly null and void as process. Hickam v. Larkey, 6 Gratt. 210.
D. Prison Fees. — If a debtor be able to pay his own prison fees, the jailor cannot demand them of the creditor. And the presumption is, that the debtor is able to pay them, until the contrary be shown by the jailor. Rose v. Shore, 1 Call 540.
Under the act of 12th February, 1823, ch. 30, §§ 2 and 3, concerning j ailors, a written notice of the imprisonment of the debtor is necessary from the j ailor to the creditor, his agent or attorney, to enable the jailor to recover his fees for supporting the debtor under the creditor’s execution. The knowledge by the creditor, that his debtor is in jail under his execution, will not dispense with the written notice. Sixty days (after the notice) must'expire before the jailor’s right, to move for his fees, accrues; and he cannot recover for fees due prior to his notice. Zimmerman v. Buzzard, 2 Va. Cas. 406.
The creditor of an insolvent prisoner, who has the liberty of the rules, is bound to give security for the prison fees; but the sheriff cannot legally discharge him, unless he be actually insolvent, and, being so, the plaintiff having notice thereof, refused to pay his fees, or to give bond for the payment thereof. Meredith v. Duval, 1 Munf. 76.
E. Return. — An execution against the person, and the officer’s return thereof, though sued by an officer other than the officer to whom it was directed, will not for that reason be quashed. Purcell v. Richardson, 4 H. & M. 404; Turner v. Harris, 1 Rob. 475.
A capias ad respondendum is made returnable to the next term generally, instead of the first day of the term as the statute requires; the writ is executed before the term and returned to the first day; an office judgment is entered at rules; at the ensuing term, defendant moves to quash the writ and all the proceedings on it at rules, on 'the ground that the writ being returnable to term generally, was void; and the court overrules the motion. Meld, the motion was rightly overruled. Hare v. Niblo, 4 Leigh 359.
F. Discharge from Custody.
By Payment. — It seems that where a capias ad satisfaciendum is executed at any time before the return-day thereof, the sheriff may receive property tendered by the debtor, in discharge of his body out of custody, and appoint a day of sale posterior to the returnr-day, and that a bond for the forthcoming of such property is good in law, though dated after such return-day. Dix v. Evans, 3 Munf. 308.
where a party imprisoned upon a capias pro fine for a fine and costs, he can only obtain his discharge from imprisonment by paying the fine and costs. Com. v. Webster, 8 Gratt. 702.
By Oath of Insolvency. — A county court, or justices of peace in the country, to whom a debtor in execution applies to have the oath of insolvency administered to him, and to be thereupon discharged, have no discretion to administer or refuse to administer the oath, but are bound to administer it, though they may be of opinion that the debtor has effects not put into his schedule to be surrendered which he fraudulently conceals. Harrison v. Emmerson, 2 Leigh 764; Shirley v. Long, 6 Rand. 737.
By Prison=Bounds Bonds. — Upon a writ of ca. sa. sued out for debt, the debtor is taken in execution by the sheriff, who permits him to go at large, upon his giving a bond to the sheriff with condition that he will surrender himself into custody under the process, on a day certain, the debtor does voluntarily surrender himself into the custody of the sheriff upon the process, accordingly ; and, then, wishing to have the benefit of the prison rules, gives a prison-bounds bond with sureties. Meld, the debtor was legally in custody of the sheriff at the time the prison-bounds bond was given, and so this bond is good and binding on the sureties. Carthrae v. Clarke, 5 Leigh 268.
If the prisoner depart from the rules by an illegal discharge from the sheriff, the creditor, having an assignment of the bond has his election to bring suit upon it, or to sue the sheriff. Meredith v. Duval, 1 Munf. 76.
There is a joint judgment and execution against two, who have been arrested and committed to prison. They may jointly execute a prison-bounds bond. McGuire v. Pierce, 9 Gratt. 167.
By Injunction. — If a debtor in execution obtain an injunction, the sheriff is bound to discharge him from custody. Ross v. Poythress, 1 Wash. 120.